**Leon Sheffer, et al., Appellees, v. Suburban Casualty Company, Appellant.**

**Gen. No. 47,379.**

First District, Third Division.

May 7, 1958.

Released for publication July 18, 1958.

Beverly and Pause, of Chicago (Harry Z. Silverman, of counsel) for defendant-appellant.

Lawrence L. Kotin, and Warren W. Browning, of Chicago, for plaintiffs-appellees.

JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a declaratory judgment. The plaintiffs sought to have the court determine whether on November 25, 1955, the date on which a collision occurred involving a certain International truck, then allegedly owned by Leon Sheffer, the truck was covered by an insurance policy issued by the defendant-appellant on July 26, 1955.

The defendant answered, admitting the issuance of the policy on July 26, 1955 but claiming that the policy did not cover the International truck on November 25, 1955, as it was not named in the policy. It admits that it had refused to accept service of the summons to defend Leon Sheffer from a cause of action started against him and others by Herbert D. Peterson and

Geraldine Peterson arising out of the collision which occurred on November 25, 1955, above referred to, and admits there is a controversy in regard to the applicability of that insurance policy to that truck upon that particular day. A copy of the insurance policy was attached to the defendant's answer. It is admitted by all that the original policy did not by its terms refer to the International truck, and that if the truck was insured it was under the provisions of section IV (a), sub-par. (4) of the policy, relating to Newly Acquired Automobiles.

Testimony was taken and thereafter a declaratory judgment entered, making certain findings of fact and concluding as a matter of law that the policy of the defendant, #508883, issued to Leon Sheffer on July 26, 1955, covered the International truck which was owned by Leon Sheffer and involved in the collision of November 25, 1955, and that such coverage was based upon the provision of the policy relating to newly acquired automobiles, and declared that that policy of insurance applied to damages arising out of the occurrence of November 25, 1955 to the extent of its terms.

We have examined the findings of fact in the declaratory judgment and considered the record. There is substantial credible evidence sustaining those findings, and we are not prepared to say that they are contrary to the manifest weight of the evidence.

■■ The findings of fact of the court in the declaratory judgment, which we have determined not to be contrary to the manifest weight of the evidence, are, that on November 25, 1955 the plaintiff Leon Sheffer had an insurance policy issued by the defendant which, by its terms, covered a Willys Station Wagon and a Chevrolet dump truck, and another policy covering a Pontiac sedan, and that on October 31, 1955 he acquired ownership of a four wheeled drive jeep, and

that on or about November 22, 1955 he acquired ownership of the International truck, and that between July 26, 1955 and the date of the acquisition of the jeep on October 31, 1955 all of the automobiles owned by Leon Sheffer had been insured with the defendant, and that less than 60 days had elapsed between the acquisition of the four wheeled drive jeep on October 31, 1955 and the International truck on November 22, 1955 and the date of the accident—November 25, 1955. There remains only the legal question of the application of the provisions in the policy in regard to automatic insurance to this set of facts.

The applicable provisions of the policy are as follows:

"Newly Acquired Automobile—an automobile, ownership of which is acquired by the named insured who is the owner of the described automobile, if the named insured notifies the company within sixty days following the date of its delivery to him, and if *either it replaces an automobile described in this policy* or *the company insures all automobiles owned by the named insured at such delivery date;* but the insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile." (Emphasis ours.)

It is a basic rule in the construction of language in insurance policies that it should be construed liberally in favor of the insured. Judge Otto Kerner in an opinion in the Circuit Court of Appeals, 7th Cir., in interpreting Illinois law, discussed this principle in the case of Hoffman v. Illinois Nat. Casualty Co., 159 F.2d 564, 565, as follows:

"Before discussing the provisions of the policy it is well to recall that the courts, rather uniformly and

generally, have laid down the rule that insurance contracts must be construed liberally to the insured and should receive an interpretation consistent with the apparent object and plain intent of the parties . . . ."

And that same viewpoint has been recently stated in Allstate Ins. Co. v. Urban, 15 Ill.App.2d 386.

In Midden v. Allstate Ins. Co., 7 Ill.App.2d 499, 502, the court points out that the automatic insurance is in force for the newly acquired automobile in the period of grace given to notify the company, which, in the instant case, was 60 days. And in Western Casualty & Surety Co. v. Lund, 234 F.2d 916, 919, the court, in discussing the automatic insurance for a newly acquired automobile under a policy where the notice must have been given within 30 days, stated as follows:

"Under the clear import of such a provision, the automatic coverage becomes effective immediately upon the replacement and continues for a period of thirty days. The giving of the notice is not a prerequisite to coverage during that period. If the notice is not given during the thirty-day period, the coverage terminates at the end of such period. But the automatic coverage protects the insured against liability accruing within that period even though no notice of the replacement be given. . . . The two successive replacements in question both occurred less than thirty days prior to the accident giving rise to the suit instituted by Lund and therefore the policy issued by Western was effective in respect to the liability of Sprague growing out of such accident,"

citing Hoffman v. Illinois Nat. Casualty Co., which we have heretofore cited, and other cases.

It is clear that November 25, 1955, the date of the collision and accrual of the liability, was well within the 60-day period of grace relating to the acquisition of both the four wheeled drive jeep on October 31, 1955 and the International truck on or about Novem-

ber 22, 1955, and that, therefore, the International truck was covered on that day.

The judgment is affirmed.

Affirmed.

BURKE, P. J. and FRIEND, J., concur.