L. E. Caster, Doing Business as Caster Motor Sales, Plaintiff-Appellee, v. Motors Insurance Corporation, a Foreign Corporation Licensed to do Business in the State of Illinois, and Francis Woodside, Defendants-Appellants, Harold Dempsey, Defendant-Appellant.

Gen. No. 60–O–10.

Fourth District.

January 12, 1961.

E. Charles Geittmann, of Metropolis, for appellant.

R. K. Peek, of DuQuoin, for appellee.

CULBERTSON, P. J.

This cause originated in a complaint for declaratory judgment against defendants, Motors Insurance Corporation and Francis Woodside, and Harold Dempsey, by plaintiff, L. E. Caster, Doing Business as Caster Motor Sales.

In May of 1956 the defendant, Harold Dempsey, went to Caster Motor Sales for the purpose of negotiating for the purchase of an automobile. He took a 1955 Chrysler automobile valued at $2995.00 from the plaintiff Agency for demonstration purposes with the permission of a salesman of plaintiff. He pointed out things which were wrong with the automobile and apparently certain defects were corrected, and thereafter he discussed terms of purchase of the automobile and was given permission to use the car either until Saturday, or the following Monday morning, for the purpose of driving to Chicago over the weekend in an effort to determine whether he would buy the automobile. The defendant, Harold Dempsey, changed his mind about going to a suburb of Chicago and instead drove 340 miles to Duquoin, Illinois, arriving there early in the morning on Saturday, May 12, 1956. He exchanged cars with a friend, defendant Francis Woodside, and while defendant Woodside drove the automobile Dempsey had obtained from the Caster Motor Sales and which he was considering purchasing, he, defendant Dempsey, drove the Woodside automobile. While Woodside was driving the Chrysler automobile at a high rate of speed, he

lost control of the car and collided with various objects, causing total destruction of the automobile.

At that time and place defendant Woodside had a policy of collision insurance in force with defendant, Motors Insurance Corporation, which policy provided among other things, that during the policy period the insured was covered by the insurance coverage in the policy "with respect to any other private passenger automobile while being operated or used by such insured." The policy of insurance also contained an exclusion applying "to any accident arising out of the operation of an automobile sales agency, repair shop, service station, storage garage, or public parking place." On the trial before the Circuit Court without a jury, an order was entered finding that defendant, Motors Insurance Corporation and Francis Woodside, and defendant Harold Dempsey, owed the sum of $2995.00 to plaintiff-appellee, L. E. Caster, doing business as Caster Motor Sales.

██ The basic question before us is one of construction of the insurance policy referred to. Insurance policies are construed liberally in favor of the insured and strictly as against the insurer (Sheffer v. Suburban Cas. Co., 18 Ill.App.2d 43, 46, 151 N.E.2d 429). The burden is on an insurer to show affirmatively that the loss was within the exclusion (Goldfarb v. Maryland Cas. Co., 311 Ill. App. 568; Wilson v. Nat. Auto & Cas. Ins. Co., 22 Ill.App.2d 34, 37, 159 N.E.2d 504).

█ It is apparent from the record that the exclusion of public garages, sales agencies, and parking lots referred to occupations, and that the accident did not arise out of the operation of an automobile sales agency as contended by defendant. Under the facts in the record, apparently Woodside was driving for the purpose of testing the car to see whether he would recommend that Dempsey buy it. Dempsey stated

that he had determined not to buy the car but was having Woodside check it prior to returning it to the Sales Agency. It would be a distortion of the language of the exclusion to conclude that the exclusion applies under the record in this case since the accident did not arise out of the operation of an automobile sales agency. The obvious interpretation of that exclusion must have particular reference to the occupation of the named insured, and if the insured is engaged in any of those businesses he must purchase a different type of insurance or insure himself against loss for damage which would occur to automobiles of his customers while he or one of his agents is operating the customer's car.

■ ■ A contention is also made that the Court erred in excluding evidence tendered on behalf of Motors Insurance Corporation as to custom and usage in paying claims under different policy forms. There was no error in the refusal to admit such evidence since the customs of the insurance business do not form a part of the contract for insurance unless known to the insured (International Salt Co. v. Tennant, 144 Ill. App. 30, 37; Freeport Motor Cas. Co. v. Tharp, 338 Ill. App. 593, 598, 88 N.E.2d 499).

■ ■ A further contention is made to the effect that in some manner defendant Dempsey had acquired title of the automobile which was wrecked while being driven by defendant Woodside. The record discloses that a sale was never consummated or concluded in any manner. The transaction involved a bailment and no title ever passed (People v. Moses, 375 Ill. 336, 339–340). Where property is delivered to one who has an option to buy in case he desires to, or to return the property, the transaction is a bailment and not a sale (Hercules Powder Co. v. Rowan, 245 Ill. App. 291, 293). There was no evidence to show an actual sale and transfer of the automobile to defendant Dempsey, in the record before us.

367

 The findings of the Trial Court below being supported by credible evidence, will not be disturbed on appeal. They are clearly not contrary to the manifest weight of the evidence. The judgment of the Circuit Court of Perry County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN, J. and HOFFMAN, J., concur.