Arlou Deterding, Administrator of the Estate of Marvin J. Deterding, Deceased, Plaintiff-Appellant, v. State Farm Mutual Automobile Insurance Company, a Corporation, Defendant-Appellee.

Gen. No. 66–15.

Fifth District.

December 16, 1966.

C. E. Heiligenstein, of Belleville, for appellant.

Brady, Donovan & Hatch, of Belleville, for appellee.

TRAPP, P. J.

This is an appeal from a judgment of the Circuit Court of the Fifth Judicial Circuit, St. Clair County, Illinois, denying recovery to plaintiff, Arlou Deterding, Administrator of the estate of Marvin J. Deterding, in a declara-

tory judgment suit to declare an automobile liability policy, issued by State Farm Mutual Automobile Insurance Company, defendant, to plaintiff's intestate upon an automobile not involved in the accident, applicable to an accident caused by an uninsured motorist.

The defendant insurance company had issued two automobile liability insurance policies to plaintiff's intestate, one, upon a Ford pickup truck, which plaintiff's intestate was driving when it collided with the car of the uninsured motorist, and another, upon a Pontiac automobile owned by plaintiff's intestate, not being driven at the time of the accident.

The trial court awarded plaintiff a balance of $9,000 of the $10,000 limit on the policy covering the pickup truck and denied any benefits under the policy covering the Pontiac automobile, and found that the uninsured motorist provisions of the latter policy were inapplicable.

We interpret the complaint and answer to mean that the "other insurance" provision set forth therein is a subordinate part of the uninsured motorist protection coverage. The policies are not set out in full and the parties do not meet face to face upon the issues.

Plaintiff states that, except for what are termed mutually repugnant escape clauses, it is not in dispute that there is total coverage in the amount of $20,000 under the two policies. Defendant takes the position that the "other insurance" clauses present a false issue and that *the only issue before this court is whether plaintiff's intestate is entitled to more than $10,000 under the Illinois uninsured motorist statute.*

It would perhaps be most orderly to discuss the statutory issue first because, notwithstanding this was not the basis given by the trial court, the defendant contends that this issue is controlling.

The defendant's theory is that uninsured motorist statutes, including that of Illinois, were designed to afford protection only up to the minimum statutory limits

of $10,000 for bodily injury caused by financially irresponsible motorists. Implicit in this argument is that the statute somehow fixes a maximum amount that might be obtained as uninsured motorist protection. We view the statute as requiring a minimum protection, and as being entirely neutral on the matter of protection in excess of the statutory requirements.

The Illinois Statute, chap 73, § 755a (Ill Rev Stats), is as follows:

> "Uninsured or hit-and-run motor vehicle coverage. § 143a.
>
> "On and after the effective date of this amendatory Act of 1963, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 7–203 of the 'Illinois Motor Vehicle Law', approved July 11, 1957, as heretofore or hereafter amended, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured shall have the right to reject such coverage, and except that, unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer."

The section of the Motor Vehicle Law cited and referred to provides that the policy shall be:

". . . of not less than $10,000.00 because of bodily injury to, or death of any one person in any one accident. . . ."

The statute does not require uninsured motorist protection. It permits the insured to reject the coverage. In effect it says this coverage must be offered and must be given unless rejected. The statute does not provide for a maximum protection and, indeed, it is doubtful that a valid statute could be designed to prevent parties from contracting for higher limits than those prescribed as minimum.

Considered in respect to this point alone, we do not consider the cases cited such as Travellers Indemnity Co. of Hartford v. Wells, 316 F2d 770, (which as to the Virginia statute involved was disapproved by the Virginia court in Bryant v. State Farm Mutual, 205 Va 897, 140 SE2d 817), and others, as applicable. The question in those cases was whether the law could be used to override policy provisions denying coverage in excess of that required by statute. If there had been no policy provision denying coverage in excess of the statutory minimum, there would have been no issue in the Wells case and similar cases.

We hold, therefore, that the Illinois uninsured motorist statute does not prevent motorists from obtaining, or companies from issuing, uninsured motorist protection in excess of the minimum requirements of the statute.

We are met next with the "other insurance" provisions of the policies which the plaintiff claims are repugnant to one another and should be disregarded, and the defendant claims that if both policies were applicable they would have to be prorated, resulting in payment of $5,000 under each policy.

The "other insurance" provision in the uninsured motorist coverage agreement is as follows:

> "With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of this coverage exceeds the sum of the applicable limits of liability of all such other insurance.
>
> "Subject to the foregoing paragraph, if the insured has other similar insurance available to him against a loss covered by this coverage then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable under this coverage for a greater proportion of the applicable limits of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance."

Plaintiff contends that two such identical clauses are repugnant to one another for if each were followed both policies would escape liability. We do not agree that the clauses are repugnant to one another.

In the first paragraph of the "other insurance" clauses reference is made to the insured occupying a nonowned automobile. It there states, in effect, that it shall be excess insurance and presumably the insurance upon the automobile involved in the accident would be primary. Thus, if the insurance upon the vehicle involved has a limit of $10,000 and the insurance upon the occupant had a limit of $15,000, the insurance upon the nonowning occupant would apply after the $10,000 policy had been used in payment of the liability established.

33

It should be noted that Jensen v. New Amsterdam Ins. Co., 65 Ill App2d 407, 213 NE2d 141, on 145, overruled Economy Fire & Casualty Co. v. Western Ins. Co., 49 Ill App2d 59, 198 NE2d 723, to the extent that the earlier case held without reservation that where both insurance policies contain the same provisions with respect to "other insurance," they are to be disregarded as mutually repugnant and liability prorated. The later opinion held the insurance upon the *named car* was "primary" and the other insurance secondary.

We approve the language in Jensen v. New Amsterdam Ins. Co., 65 Ill App2d 407, 213 NE2d 141, at 145, as follows:

> "We believe it imperative and essential that the scope of the respective policies, the status of the insured thereunder, and all other pertinent factual circumstances attendant with liability under the circumstances of each case, must be considered in connection with the construction of the respective policies. The *applicable clauses of the respective policies should not be construed in a factual vacuum.*" (Emphasis supplied.)

The question of the repugnancy of the clauses of the second paragraph of the "other insurance" clauses remains. This paragraph adds two conditions: First, the *damages,* which are not heretofore referred to, shall not exceed the higher of the applicable limits of the policies involved, and, second, the company shall not be liable for a greater proportion than the limits of its policy bear to the total insurance involved.

Taking the example first used of limits of $10,000 upon the named automobile, and $15,000 on the nonowner occupant, the *damages* should be taken as not exceeding $15,000. Second, the issuing company on the policy quoted would be liable for not to exceed three-fifths of the damage.

34

In the present case, if two different companies were involved, with an occupant of a nonowned automobile, where there are two $10,000 limits, the damages could not be taken to exceed $10,000. It is not the pro rata clause which limits the liability here. If it were not for the clause construing damages, the total limits of insurance would be $20,000 and the company issuing the policy with this clause would owe one-half.

The situation here involved cannot be expected to occur too frequently because in most cases there will be a named vehicle which would be the same as a nonowned vehicle when the secondary insurance becomes applicable. In such case, the first and second paragraphs would clearly apply as above outlined.

Here the question is whether the entire "other insurance" provision is, or is not, applicable. The two clauses taken together say that as to an insured occupying an automobile *which he does not own,* the said insured's coverage is excess or secondary, and subject to this (second paragraph) the total damages do not exceed the higher of the applicable policies, and the companies shall prorate.

Here the exclusion obviously applies to an "insured while occupying an automobile not owned by a named insured." Such is not the case before us. The named insured *did own the automobile involved in the accident.* He was occupying an automobile owned by him as named insured. The exclusion applies only if bodily injury occurred while the insured was occupying an automobile not owned by a named insured under this coverage.

It may also be argued that the second paragraph has no connection with, and is entirely independent of the first. This would be strange because the company would then be stating that it would prorate when it was primary coverage. Additionally, it chose in some form to tie the two paragraphs together by the phrase "subject to the foregoing paragraph."

35

While this situation may not have been considered in designing the policy, the defendant here saw fit to issue two separate policies on two separate automobiles owned by the plaintiff. Under these facts, clauses designed to prevent the paying of a disproportionate amount of a loss which is properly shared with another company should not be resolved against the insured.

■ The general rule is properly stated in Caster v. Motors Ins. Corp., 28 Ill App2d 363, 171 NE2d 425:

> "The basic question before us is one of construction of the insurance policy referred to. Insurance policies are construed liberally in favor of the insured and strictly as against the insurer. (Sheffer v. Suburban Cas. Co., 18 Ill App2d 43, 46, 151 NE2d 429.) *The burden is on an insurer to show affirmatively that the loss is within the exclusion* (Goldfarb v. Maryland Cas. Co., 311 Ill App 568, Wilson v. Nat. Auto & Cas. Ins. Co., 22 Ill App2d 34, 37, 159 NE2d 504)." (Emphasis supplied.)

We have not considered in detail a number of the authorities cited for the reason that the statutes involved, the policy situations involved and the factual situations do not appear to us to be pertinent to the situation at hand.

This is a declaratory judgment suit and the record does not make it clear what the actual damages are, or what the amount of the judgment should be if both policies are applicable to the loss to the full extent of their limits.

■ The judgment of the Circuit Court is reversed insofar as it declares that the uninsured motorist provisions of Policy No. 6315–281–A15–13A, issued on the 1960 Pontiac automobile owned by Marvin J. Deterding, deceased, are not applicable, with directions to declare

said policy provisions applicable to the amount of $10,000. The judgment is otherwise affirmed.

Affirmed in part, reversed in part and remanded with directions.

SMITH and CRAVEN, JJ., concur.