No. 45,384

JACK L. ROSSON, *Appellant*, v. ALLIED MUTUAL INSURANCE COMPANY, a Corporation, *Appellee*.

(457 P. 2d 42)

Opinion filed July 17, 1969.

*Gerald L. Michaud*, of Wichita, argued the cause, and *Russell Cranmer*, *M. William Syrios*, *Kenneth L. Ingham*, *Bradley Post*, and *Jim Lawing*, of Wichita, were with him on the brief for appellant.

*H. E. Jones*, of Wichita, argued the cause, and *A. W. Hershberger*, *Richard Jones*, *Jerome E. Jones*, *Robert J. Roth*, *William R. Smith*, *Robert J. O'Connor*, *Greer Gsell*, *Michael L. Jones*, and *Stephen J. Jones*, of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal involves the interpretation of an "uninsured motorists" provision of a liability insurance policy issued by Allied Mutual Insurance Company, a corporation, covering the plaintiff's two automobiles for which he paid a premium of equal amount on each described vehicle.

Except for the date of the plaintiff's injury, which occurred on October 1, 1966, and the amount of damages awarded the plaintiff by the arbitrator, this case is identical in factual situations and legal issues as those presented in *Sturdy v. Allied Mutual Ins. Co.*, 203 Kan. 783, 457 P. 2d 34.

The arbitrator made an award in favor of the plaintiff and against the defendant in the sum of $14,053.15. The defendant paid the plaintiff the sum of $10,000 on one described automobile pursuant to the uninsured motorists provision of its policy, and plaintiff has

sued to recover an additional $10,000 on the other described automobile. The district court denied recovery, and the plaintiff has appealed.

We hold the plaintiff is entitled to recover the damages awarded by the arbitrator in the total sum of $14,053.15.

The insurance policy involved in this lawsuit is identical to the policy in *Sturdy*, supra, except for the amount of the premiums, and its provisions expressly provide the amount the plaintiff may recover as damages.

Part IV of the policy contains "protection against uninsured motorists," and the word "insured" as used therein means "the named insured" as contained in the declarations of the policy, or, in this case, the plaintiff. Coverage J contains the provision for damages for bodily injury caused by an uninsured motorist, and obligates the defendant:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . ."

The damages awarded to the plaintiff have heretofore been determined by the arbitration proceeding to be $14,053.15, of which $10,000 has been paid. Hence, under the general provisions of the policy the plaintiff is entitled to recover from the defendant the additional sum of $4,053.15.

As indicated in *Sturdy*, supra, the plaintiff is not entitled to recover attorneys' fees in this action and they are denied. The judgment of the district court is reversed with directions to enter judgment in the amount of $4,053.15, together with interest at 6 percent per annum from July 31, 1967.

It is so ordered.

PRICE, C. J., and FROMME, J., dissent.