[Civ. No. 33014.   Second Dist., Div. Four.   July 29, 1969.]

GEORGE E. YATES, Plaintiff, Cross-defendant and Appellant, v. INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA et al., Defendants, Cross-complainants and Respondents; FARMERS INSURANCE EXCHANGE, Cross-defendant and Respondent.

John Amos Fleming and E. O. Berry for Plaintiff, Cross-defendant and Appellant.

Gilbert, Thompson & Kelly and Jean Wunderlich for Defendants, Cross-complainants and Respondents.

Hagenbaugh, Murphy & Medearis and Sigurd E. Murphy for Cross-defendant and Respondent.

FILES, P. J.—This is an appeal by the plaintiff from a judgment interpreting an automobile insurance policy. The historical facts, which are not in dispute, must be stated first to identify the issues.

On December 25, 1961, Marie Tanza (hereinafter Marie), a minor, was living in the home of her father, John A. Tanza (hereinafter Father Tanza). On that day, while driving the automobile of her uncle, John C. Tanza (hereinafter Uncle Tanza), Marie collided with an automobile driven by plaintiff George Yates. Uncle Tanza's automobile was insured by Farmers Insurance Exchange (hereinafter Farmers). Marie was conceded to be covered by that policy, and Farmers assumed the defense of the action which ensued. Father Tanza's automobile insurance was carried by the Interinsurance Exchange of the Automobile Club of Southern California (hereinafter Auto Club). By the terms of that policy, the Auto Club provided excess insurance over other applicable insurance if anyone insured under the policy was involved in an accident while operating a nonowned automobile. Marie was insured under this policy also.

Through inadvertence, Farmers represented to the Auto Club, Marie and Yates that the limits of its liability under its policy were $50,000 for any one individual and $100,000 for any one accident. Actually, its limits were $25,000 for any one individual and $50,000 for any one accident. This mistake was not discovered until after the cause had proceeded to judgment. Since Auto Club believed, on the basis of information

supplied by Farmers, that the claim would be disposed of within the limits of the Farmers policy, Auto Club did not participate in any settlement negotiations or in the defense. Following a trial, judgment was entered in favor of Yates and against Marie for $64,242.52, plus costs of $505.65.

Farmers paid Yates $25,000 plus costs, leaving an unsatisfied judgment of $39,242.52. Yates then demanded the balance from Auto Club, contending that its policy limit was $50,000. The Auto Club refused, claiming that its maximum liability under the policy of Father Tanza was $25,000. Yates then filed an action against the Auto Club, Marie and Father Tanza, setting out the above dispute concerning the policy limits and praying that the rights and liabilities of the parties be declared. Auto Club then loaned $25,000 to Marie which was paid to Yates,[1] thereby reducing the unsatisfied judgment to $14,242.52.

In addition to filing an answer alleging that the Auto Club policy limit was $25,000, Auto Club and Marie filed a cross-complaint against Farmers and Yates, but no relief was actually sought against Yates. For a first cause of action, Auto Club set forth the misrepresentation by Farmers of its policy limits and asked that Farmers be estopped to deny that, as to the Auto Club, its liability was $50,000. For a second cause of action, Marie repleaded the misrepresentation by Farmers, alleged that she had had to borrow $25,000 because of the misrepresentation and asked for judgment against Farmers in that amount.

At the trial of this action, the court decided that the limit of Auto Club's liability was $25,000 rather than $50,000. On the cross-complaint the court found that Farmers had been negligent in representing that its limit was $50,000, and that Auto Club sustained detriment in the sum of $10,757.48, that being the difference between the $25,000 which Auto Club was required to pay to Yates and the $14,242.52 which it would been $50,000 as represented. The judgment was that Auto have been required to pay had the limit of the Farmers policy Club recover $14,242.52 from Farmers, and that Marie recover nothing on her cross-complaint.

---

[1]The ''loan'' transaction was used to forestall any contention by Farmers that Auto Club, in paying $25,000, acted as a volunteer. Now that it has been determined that Auto Club was obligated to pay $25,000 on behalf of Marie towards the satisfaction of Yates' judgment, this duty offsets Marie's promise to repay. Thus Marie is not indebted to Auto Club and Auto Club has satisfied its obligation to pay $25,000 to Yates on her behalf.

Yates is the only party appealing from the judgment. Auto Club and Marie filed a respondent's brief. Farmers adopted that brief.

## I. *The Auto Club Policy*

■ On the first page of the policy, headed "Declarations," is a schedule which lists the two vehicles owned by Father Tanza, a Nash and an Edsel, and shows, opposite each, the limits of liability for each type of insurance. In the column headed "bodily injury liability," there appears opposite each vehicle the figure 25, which, according to a footnote, indicates thousands of dollars for each person. On the same page is a schedule of premiums charged with respect to each insured vehicle and each coverage. Under the heading of bodily injury liability, and opposite the identification of the Nash appears $20 and opposite the Edsel $46.

The "insuring agreements" section of the policy promises to pay all sums which the insured shall become legally obligated to pay because of bodily injury sustained by any person "arising out of the ownership or use of the owned automobile and, if insurance is afforded, arising out of the use of a nonowned automobile, . . ."

Condition 3, headed "Limits of Liability," states: "The limit of bodily injury liability stated in the declarations for (a) 'each person' is the limit of the Exchange's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person as the result of any one occurrence, . . ."

Condition 4, headed "Two or More Automobiles," provides: "When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, . . ."

Yates argues that "Father Tanza paid premiums for two excess coverages," *i.e.*, $25,000 for the Edsel and $25,000 for the Nash; and thus he concludes that the "coverage" on the driver of a nonowned car must be $50,000. In support of this proposition counsel submits no authority other than his own analysis of the language of the policy, and some well understood principles of construction, e.g., that ambiguities in an insurance policy are construed against the insurer.

We find no ambiguity in the policy in this respect and no need to invoke any canons of interpretation. The insurer agrees to pay "all sums which the insured shall become legally obligated to pay" because of bodily injury sustained by any persons, whether the insured is driving one of the

listed vehicles or a nonowned automobile; but the limit of such liability is that stated in the schedule, that is, $25,000 for each person injured.

Yates' argument that Father Tanza "bought two coverages" fails to distinguish between the language describing what is covered and the language setting the limit of liability. Father Tanza (and Marie) may be said to have bought three "coverages" under the bodily injury liability section of the policy—*i.e.*, for the Edsel, for the Nash, and while operating a nonowned automobile. But the insurer's liability was plainly limited to $25,000 for injury to one person.

*Sullivan* v. *Royal Exchange Assurance* (1960) 181 Cal.App. 2d 644 [5 Cal.Rptr. 878] deals with an analogous problem, that is, whether the medical payments coverage, with an express limit of $2.000 per person, amounted to $4,000 where the policy covered plaintiff as the owner of two automobiles, for each of which a distinct premium had been computed. The court held that the policy limit of $2,000 per person applied.

Yates attempts to distinguish the *Sullivan* case upon the ground that there the coverage was primary, while here it is excess. The distinction fails because there is nothing in Auto Club's policy to indicate that the limit of its liability is any greater when it is "excess" than it would be if there was no other valid and collectible source of indemnification for Marie.

Likewise, in *Pacific Indem. Co.* v. *Thompson* (1960) 56 Wn. 2d 715 [355 P.2d 12] the court rejected a contention that condition 4 of the policy (which provides that all of the policy's terms shall apply separately to each described automobile) operated to increase the policy limits. The court said (at p. 716) "that provision merely assures the applicability of the policy to whichever car is involved in an accident, or to all the cars and does no more."

## II. *Yates' Other Contentions*

The foregoing discussion disposes of the sole contention raised in the trial court by appellant's pleadings and pretrial statement. On this appeal he raises a number of arguments seemingly grounded upon the broad proposition that it was the duty of the trial court to find a way to compel one insurer or the other to satisfy his judgment. Yates cites the rule that it was the duty of the trial court to make a complete determination of all controversies. The answer is that the court did determine all controversies which it was asked to decide.

Yates' complaint alleged a cause of action against Auto Club to determine the limits of liability under its policy. Marie and Father Tanza, the assureds, were joined as parties defendant, but no relief was sought against them.

The cross-complaint of Auto Club and Marie sought damages on behalf of each of them against Farmers for negligent deceit. Yates was joined as a cross-defendant "so that any judgment rendered herein will be binding upon [him]." (See *Shapiro* v. *Republic Indem. Co. of America* (1959) 52 Cal.2d 437, 440 [341 P.2d 289].) No relief was asked against Yates. Yates' answer to the cross-complaint prayed "that cross-complainants take nothing from him."

These were the only pleadings filed on behalf of Yates. His pretrial statement was clear and succinct. Under the heading of "Issues" he stated: "Between plaintiff and Auto Club Exchange the only issue on the complaint is: Whether or not, as a matter of excess public liability insurance, Exhibit A gave John A. Tanza $50,000 coverage for one person injured or $25,000; and upon the Cross-Complaint whether the Exhibit A attached thereto is or is not a true copy."

Yates could not have expressed more clearly his intention to litigate only his claim for an interpretation of the Auto Club policy and to disassociate himself from Marie's attempt to recover from Farmers on the ground of negligence. In the trial court he never alleged or contended that he had any claim against Farmers, either in his own right or derived through Marie, his judgment debtor.

The trial court decided that on the cross-complaint Auto Club was entitled to recover damages from Farmers and that Marie was not. All three of these parties are appearing here as respondents, asking that the entire judgment be affirmed. It is unnecessary for us to consider whether the judgment on the cross-complaint was correct or not, since the sole appellant, Yates, received exactly what he asked for with respect to the cross-complaint. On this record he cannot sustain the contention that the trial court failed to decide the entire controversy as submitted by the parties; and Yates has no standing on this appeal to attack the judgment given in the cross-complaint between Auto Club, Marie and Farmers.

Yates argues that he was "a third party beneficiary" of the two policies. That statement leads nowhere on this record. Insurance Code section 11580, subdivision (b)(2), authorizes the judgment creditor to sue the debtor's insurer. Yates has never attempted to sue Farmers. He did sue Auto Club and

has obtained a judgment which we have concluded was a proper disposition of the issues raised by his complaint.

Yates asserts that ''Auto Club recovered the judgment as agent or trustee for Marie.'' In this case it is idle to talk about what assets Marie has in trust or otherwise. As a judgment creditor of Marie, Yates has available to him all of the remedies which the law allows to cause her property to be applied toward the satisfaction of his judgment. But that is not within the scope of the present action as it was pleaded and tried in the superior court.

The judgment is affirmed.

Jefferson, J., and Dunn, J., concurred.