2 Ill. App.3d 58 (1971)
275 N.E.2d 766
SANDRA OTTO, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
No. 54415.
Illinois Appellate Court  First District.
October 7, 1971.
*59 Ruttenberg and Ruttenberg, of Chicago, (David W. Ruttenberg, of counsel,) for appellant.
Hinshaw, Culbertson, Moelmann, Hoban and Fuller, of Chicago, (John M. Moelmann, John L. Kirkland and D. Kendall Griffith, of counsel,) for appellee.
Judgment affirmed.
Mr. JUSTICE McGLOON delivered the opinion of the court:
This is an appeal by plaintiff from the trial court's adverse decision in a declaratory judgment proceeding brought by the plaintiff to construe the limits of coverage available to her under an automobile insurance policy issued by the defendant, Allstate Insurance Company. More specifically, the plaintiff Otto contends that where two automobiles are insured for uninsured motorist coverage in the same policy, and where an insured, while riding on a motorcycle, is injured by an uninsured motorist, the injured insured should be allowed to recover under the uninsured motorist provision of both automobiles thereby doubling the coverage available. Thus, plaintiff would recover $20,000 rather than $10,000 as allowed by the trial court.
Plaintiff supports this contention by arguing: (1) That her right to *60 the double coverage is manifest by the separate terms and coverages of the two certificates constituting the single Allstate policy. (2) The protection afforded by these separate insurance certificates applies separately and together to plaintiff's protection, since all the terms of the policy "apply separately to each." (3) Plaintiff's coverage is not reduced by the "other insurance" provision of the Allstate policy, since Allstate insurance is the only insurance available to her.
We affirm.
Sandra Otto, plaintiff, is the daughter of Raymond Otto. Raymond Otto was insured by defendant, Allstate Insurance Company, for automobile legal liability pursuant to Allstate's "Crusader Policy." On September 13, 1967, plaintiff was injured while riding on a motorcycle which was struck by an uninsured motorist. Plaintiff was an insured within the meaning of the Allstate policy which provided insurance for two separate automobiles: Item 1, a 1965 Rambler, and Item 2, a 1961 Pontiac. Both items were insured under one policy, but each item was evidenced by a separate insurance certificate on a supplement page which bore the breakdown of premium charges applicable to that item. According to the stipulation of facts produced at trial, the uninsured motorists premium on Item 1 was $4 and that on Item 2 was $3. The limit of liability stated on the supplement pages under uninsured motorists coverage was:
"1. `Each person' is the limit of Allstate's liability for all damages arising out of bodily injury sustained by one person in any accident. (Hereinafter referred to as `Limit of Liability Clause.')"
The limit for each person was $10,000 as noted on the supplement pages next to the premium charges for uninsured motorists insurance.
Other clauses pertinent are:
"IF THERE IS OTHER INSURANCE.
With respect to bodily injury sustained by any insured while occupying any automobile, other than one owned by the named insured, the insurance hereunder shall not apply if the owner of such automobile has insurance similar to that provided for herein.
Subject to the preceding paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and Allstate shall not be liable for a greater proportion of any loss, to which this Coverage S applies, than the limit of liability hereunder bears to the sum of the applicable limit of liability of this Coverage S and such other insurance. (Hereinafter referred to as `Other Insurance Clause.')
Condition 3. Insurance on Two or more Automobiles.
When two or more automobiles are insured by this policy, the terms *61 of this policy shall apply separately to each, but an automobile and attached trailer shall be deemed to be one automobile as respects the limits of liability under Part I of Section I and separate automobiles under Section IV, including any deductible provisions which may apply. (Hereinafter referred to as `Separability Clause.')"
Plaintiff predicates her claim for $20,000 upon the following arguments: First, the fact that the two items insured are evidenced by two separate certificates constitutes, in effect, two separate policies. Second, the separability clause of the insurance contract makes both of the uninsured motorist coverages available to her, and because each coverage has an "each person" limit of $10,000, she should be entitled to $20,000. Third, because there has been a double payment of premiums, she can rightfully expect a double recovery. Fourth, in any of these three instances, Allstate's "other insurance clause" is not operative so as to reduce her recovery to $10,000.
We will begin by considering plaintiff's argument that the two separate certificates of insurance, which make up the insurance policy in issue, should be interpreted as two separate policies of insurance, one covering each of the insured cars.
This issue was raised in Polland v. Allstate Ins. Co. (App. Div. 1966), 226 N.Y.S.2d 286, where the court in considering the same argument raised as to a similar Allstate "Crusader Policy" stated:
"We are constrained to disagree with appellant's contention that defendant's policy with the two attached supplemental sheets constitutes in law two policies, one covering each of the insured cars, and affords Thomas Haynes coverage in the sum of $20,000. The original "Crusader Policy" and the two endorsements formed one contract and each person injured is limited to $10,000 (see Government Employees Insurance Co. v. Lally, 4 Cir., 327 F.2d 568.)" 266 N.Y.S.2d at 287.
 1 We agree with the reasoning set out in the Polland case and find plaintiff's argument not well taken. We must now ascertain whether the "separability clause" of the Allstate "Crusader Policy" compells us to consider the two items insured therein as tantamount to being insured under two separate policies of insurance. If we were so to find, plaintiff would have us apply the rule of Deterding v. State Farm Mut. Auto. Ins. Co. (1966), 78 Ill. App.2d 29, 222 N.E.2d 523 to the case at bar, and plaintiff could recover $20,000. Deterding was concerned with an insured who claimed under the uninsured motorists provision of two separate policies with the same insurer covering two separate vehicles owned by the insured. The main issue raised in the case was the availability of the "other insurance clause" to the insurer. The court ruled that the clause was non-applicable, for if it were to be applied, the insurer would be *62 discounting its own primary liability, for it could not be secondarily liable on an auto owned by its insured and upon which it issued a separate insurance policy.
Plaintiff raises the case of Government Employees Insurance Co. v. Sweet (Fla. App. 1966), 186 So.2d 95 as authority for her interpretation of the effect of the separability clause. In Sweet, there was a single policy covering two separate vehicles, each vehicle insured having a premium assessed to cover medical payments with limits of liability of $3,000 for each person. The insured was injured while driving one of the vehicles and sustained $6,000 in medical damages. The court stated that medical payment insurance was different than public liability insurance, and found the separability clause of the policy and the limits of liability language to be hopelessly in conflict. Thus, the court allowed the insured a recovery of $6,000.
In the case of Allstate Insurance Co. v. Mole (5th Cir.1969), 414 F.2d 204, the court was confronted with an insured who was claiming three times the stated policy limit because the policy in question insured three owned automobiles. The claim was being made under the non-owned automobile provision of the policy, said policy containing both a separability clause and a limit of liability clause. The court, in refusing to adopt the Sweet court's interpretation of the pyramiding effect of a separability clause stated at page 205:
"On the face of the policy we find no ambiguity between the separability clause and the limit of liability. The separability provision merely renders the policy applicable to whichever of the insured cars is involved in an accident. The liability limits are also clear; for bodily injury Allstate will pay up to $10,000 for injury to one person." Emphasis added.
Thus, the court denied a multiple recovery such as was allowed in Sweet. Sweet was distinguished as arising out of a special type of insurance, medical payment, which is treated differently than normal liability insurance, and is "derived from a specifically insured vehicle."
Construction of a separability clause was also considered in Yates v. Interinsurance Exchange Of the Automobile Club of Southern Cal. (Cal. App. 1969), 79 Cal. Rptr. 604. In this case, a party injured by the insured attempted to recover in excess of the $25,000 limit of the insured's policy on the theory that the coverage was extended to two separate automobiles. The Yates court cited with approval Pacific Indemnity Co. v. Thompson (1960), 56 Wash.2d 715, 355 P.2d 12 which held that a separability clause does not operate to increase the policy limits, but "merely assures the applicability of the policy to whichever car is involved *63 in an accident, or to all the cars and does no more." 79 Cal. Rptr. 604 at 607.
The final case that we will consider on this issue is Polland v. Allstate Ins. Co., supra., which is concerned with an Allstate "Crusader Policy" similar to the one before us. In Polland, the plaintiff was injured while a passenger in an automobile owned by DiVesto and operated by Thomas Haynes. Thomas Haynes was insured under the terms of Allstate's "Crusader Policy" which insured two cars, a Thunderbird and a Volkswagen, and which recited limits of liability of $10,000 for each person in any one accident. Plaintiff requested $20,000 from Allstate based upon the theory that Allstate had issued, in effect, two separate policies due to the separability clause appearing in the policy. The court stated at page 287:
"We find nothing uncertain or ambiguous in the provisions of the policy. In our view Condition `3' which provides that "when two or more automobiles are insured by this policy, the terms of this policy shall apply separately to each * * *" means nothing more than to render applicable the policy to whichever car insured under the policy (The Thunderbird or the Volkswagen) is involved in an accident (See Pacific Indemnity Co. v. Thompson, 56 Wash.2d 715, 355 P.2d 12)." Emphasis added.
 2, 3 In conclusion, we hold that a separability clause appearing in an automobile insurance policy does not act, in and of itself, to pyramid the limits of liability established by that policy. See also, Allstate Ins. Co. v. Zellars (Tex. 1970), 462 S.W.2d 550; Appleman, Insurance Law and Practice (1971 Pocket Part), Vol. 8, § 4891.
We must next consider plaintiff's argument that payment of a double insurance premium for uninsured motorist coverage entitles her to a double recovery. Plaintiff places great emphasis on the cases of Sturdy v. Allied Mut. Ins. Co. (1969), 203 Kan. 783, 457 P.2d 34, and Rosson v. Allied Mut. Ins. Co. (1969), 203 Kan. 795, 457 P.2d 42 as authority for this argument. Because Rosson is completely dependent upon the law of Sturdy, we shall limit our discussion to the latter.
The factual setting of Sturdy is quite similar to that of the case at bar. Two automobiles were insured for uninsured motorist coverage as separate items in the same policy. The named insured, while riding a motorcycle, suffered bodily injury and attempted to recover $10,000 under each item of uninsured motorist insurance. However, in Sturdy, the premium for this coverage was identical for each automobile, i.e. $2. Thus, the court remarked that when two independent premium charges of equal amounts are made, a construction holding for a double recovery *64 is more readily apparent. This approach was further developed when the court distinguished Ringenberger v. General Accident Fire and Life Ass. Corp., (Fla. App. 1968), 214 So.2d 376 on the basis that in Ringenberger the uninsured motorist premium payment on the second car was less than that on the first car.
In Ringenberger the plaintiff insured was injured by an uninsured motorist while riding in a non-owned automobile. In attempting to recover the maximum under each item of insurance, the plaintiff argued that insuring two vehicles under the same policy is tantamount to taking out two policies of insurance because a double premium is charged. The court observed that in its understanding:
"The addition of the second automobile did not increase exposure to the company from accidents while the insured was occupying a non-owned automobile, but the exposure to the company was increased by the coverage provided with respect to accidents involving the additional owned automobile of the insured * * * this in our opinion was the consideration for the additional premium." 214 So.2d at 377.
 4 This same argument was urged on appeal by defendant in the instant case, and we find it a convincing one. Raymond Otto paid a $4 premium on his first car, and a $3 premium on his second. Thus, there was no additional premium charged to cover the insured when he (or an insured party under the policy) was injured by an uninsured motorist, while occupying a non-owned automobile or in a pedestrian capacity. The consideration for the $3 premium on the second car, if we apply the logic of Ringenberger, was Allstate's increased risk of an injury occurring while an insured was occupying the second automobile. An increase or decrease in owned cars has no direct effect on the risk of one's being injured while not a passenger in one's owned cars. Because we find our case analogous to Ringenberger, and because the court in Sturdy found its case distinguishable from Ringenberger on the very facts which are the basis of our analogy, we find Sturdy distinguishable from the case at bar.
Furthermore, we find the limit of liability clause appearing in the present policy to be unambiguous. The limit expressed is $10,000 for each person arising out of any one accident. Although this clause is not as detailed as that appearing in Hilton v. Citizens Ins. Co. of N.J. (Fla. App. 1967), 201 So.2d 904 which was also distinguished in Sturdy, in light of the nature of the matters with which we are dealing and the purpose which the parties sought to accomplish, we find the clause sufficient for the purpose intended, namely, to impose a $10,000 limit for each person for injuries arising out of any one accident. Cook v. Suburban Cas Co. (1964), 54 Ill. App.2d 190, 203 N.E.2d 748.
*65 The final argument which plaintiff raises was taken up in Sellers v. Government Employees Ins. Co. (Fla. App. 1968), 214 So.2d 879 which plaintiff cited in its reply brief. This argument would hold that if one can be beneficiary under the uninsured motorist provisions of multiple insurance policies, as in Deterding, supra, there is no reason to limit recovery simply because two or more vehicles are insured under the same policy. Thus, the Sellers court stated at page 882:
"* * * The principle appears to be established that if one who is a beneficiary under the uninsured motorist provision of multiple insurance policies suffers a compensable loss, he is entitled to payment of his loss from any or all of the insurance carriers within the limits of liability stated in their respective policies. His recovery is not restricted to the coverage of the policy insuring the vehicle in which he was riding at the time of his loss. Such being the controlling law in case of multiple insurance policies, we perceive no reason why a different rule should be applied merely because the insurance coverage afforded on different vehicles is combined in one instead of two or more policies. This is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for each vehicle, and a separate premium is charged for the coverage afforded to each of the described vehicles as is true in the case sub judice."
However, Sellers v. Government Employees Ins. Co. was expressly overruled in Morrison Assurance Co., Inc. v. Polak (Fla. 1970), 230 So.2d 6 where the court ruled that issues of coverage raised because of multiple vehicles insured under a single policy are best decided without regard to multiple coverage cases with more than one policy in question.
 5 We are in accord on this point, and we do not see any necessity to discuss the problems raised by "other insurance" clauses as in Deterding, supra, for the plaintiff has failed to demonstrate a convincing basis for seeking a double recovery, such a basis being a condition precedent to the "other insurance" clause becoming operative to defendant's benefit.
Judgment affirmed.
McNAMARA, P.J., and DEMPSEY, J., concur.