NANCY SQUIRE, a Minor, by John W. Squire, her Father and Next Friend, Plaintiff-Appellee, *v.* ECONOMY FIRE & CASUALTY COMPANY, Defendant-Appellant.

Second District (2nd Division)   No. 75-383

Opinion filed October 26, 1976.—Rehearing denied November 30, 1976.

Henry J. Burt and R. Terence Kalina, both of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellant.

Robert J. Bobb, of Peregrine, Stime & Newman, of Wheaton, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

The plaintiff in this case, Nancy Squire, a minor, by John W. Squire, her father and next friend, filed a complaint for a declaratory judgment against the defendant, Economy Fire & Casualty Company. In her complaint, the plaintiff asked the court to determine the rights and liabilities of the parties under an automobile insurance policy issued by

the defendant to the plaintiff's parents, which covered the parents' two automobiles. The plaintiff had been injured by an uninsured motorist when she was not in any automobile, but was standing within a parkway near Glenbard West High School, in Glen Ellyn, Illinois, when the uninsured motorist drove off the road. The plaintiff alleged in her complaint that the policy provided uninsured motorist protection of $10,000 per person with respect to each of the two owned automobiles, or a total coverage of $20,000. The defendant in its answer denied that the policy limits applied separately as to each automobile. Both parties moved for judgment on the pleadings. The Circuit Court of Du Page County, Illinois, ruled in favor of the plaintiff, finding that the coverage was $20,000, and from its order the defendant has appealed.

The policy provided uninsured motorist protection in Part IV, entitled "Family Protection Coverage." Here it was stated: "The limit of liability for family protection stated in the declarations * * * is the limit of the company's liability * * *." When the policy was issued, the declaration page covered one car, and it provided uninsured motorist coverage with limits of $10,000 each person and $20,000 each accident, for the policy period of one year from July 12, 1972, to July 12, 1973, for a premium charge of $4. The policy was amended March 17, 1973, by adding a declaration page covering another car, which similarly provided uninsured motorist coverage with limits of $10,000 each person and $20,000 each accident, and showed that a premium of $1 was charged for this coverage for the period from March 17, 1973, to July 12, 1973. The plaintiff's accident occurred April 5, 1973.

The plaintiff maintains that the trial court was correct in concluding that uninsured motorist coverage of $10,000 per person per car had been purchased and the coverages could be stacked to total $20,000 where the insured was injured by an uninsured motorist while a pedestrian. She argues that the policy is ambiguous in not saying whether coverages are to be stacked in such case when listed separately in two different declarations; that the policy could have stated in the uninsured motorist portion that $10,000 per person is the limit "regardless of the number of insured automobiles to which this insurance applies," as it states in the Basic Personal Injury section; that $20,000 coverage was purchased by her parents' payment of two separate uninsured motorist premiums; and that the premium on the second car was a reduced premium because coverage was for a shorter period than for the first car, because the coverage would not become applicable to an injured pedestrian until the amounts provided with respect to the first car had been exhausted, and possible because there were administrative savings from not issuing two policies.

The defendant, on the other hand, maintains in its appeal that the

policy is not ambiguous but plainly states that the limit of the company's liability is the $10,000 per person limit stipulated in the declarations. It argues that there is nothing in the policy to suggest that the parties agreed to allow double the amount of recovery for injury caused to an insured pedestrian by an uninsured motorist. Its position with respect to the uninsured motorist coverage purchased by the small premium shown on the second declaration is that protection was thereby given to persons who might be occupying the second automobile, up to the limits stated.

The plaintiff places reliance on *Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247. In that case the Illinois Supreme Court held that where a plaintiff, whose wife while a pedestrian was struck and killed by an uninsured motorist, had purchased three separate policies from one company covering three different cars, the uninsured motorist coverages could be stacked. It held that the "other insurance" clauses in the three policies did not apply where the same company had written all three policies, because the plaintiff could reasonably have expected to receive additional coverage for additional premiums, and the purpose of the "other insurance" clauses was to make certain that one company did not have to pay a disproportionate amount of a loss which was to be shared with some other company. The *Glidden* case differs, however, from the one now before us, in that three separate policies were then under consideration, and attention was centered on the effect of the "other insurance" clauses, whereas we have here just one policy and the effect of an "other insurance" clause is not an issue. But that case reminds us that we must try to determine what the parties might reasonably have contemplated in the particular circumstances.

The defendant relies on *Otto v. Allstate Insurance Co.* (1971), 2 Ill. App. 3d 58, 275 N.E.2d 766. In that case only one policy was involved, covering two automobiles, as here. The plaintiff was not allowed to stack or pyramid the limits of liability. The court held that payment of two premiums for uninsured motorist coverage, a premium of $4 for the first car and a premium of $3 on the second, did not entitle the plaintiff to double recovery, the plaintiff having been injured while riding on a motorcycle which was struck by an uninsured motorist. The court distinguished *Sturdy v. Allied Mutual Insurance Co.* (1969), 203 Kan. 783, 457 P.2d 34, by saying: "However, in *Sturdy*, the premium for this coverage was identical for each automobile, *i.e.*, $2. Thus, * * * when two independent premium charges of *equal amounts* are made, a construction holding for a double recovery is more readily apparent." (2 Ill. App. 3d 58, 63-64). The court also cited *Morrison Assurance Co. v. Polak* (Fla. 1970), 230 So. 2d 6, saying that in that case "the court ruled that issues of coverage raised because of multiple vehicles insured under a

single policy are best decided without regard to multiple coverage cases with more than one policy in question," and adding, "We are in accord on this point * * *." 2 Ill. App. 3d 58, 65.

Both parties have cited numerous cases from other jurisdictions, and each has sought to distinguish in various ways the cases cited by the other. We believe it will not be necessary to refer to any cases decided outside Illinois, other than those previously cited, in order to arrive at what we consider a proper disposition of the case now before us.

It is our opinion that the *Otto* case, involving just one policy with uninsured motorist coverage for two cars, is closer to the case now before us than is the *Glidden* case, which involved multiple coverage but separate policies. We view the policy before us as not ambiguous in its limitation of liability, because the premium charges for uninsured motorist insurance for the two cars are not equal amounts, explainable only as buying identical coverages which could be stacked for an accident occurring outside of those cars. Furthermore, in the case of a single policy covering more than one car, absent an identical premium charge for all the covered cars, we doubt that the parties would ordinarily contemplate the stacking of coverages for pedestrian accidents, but we think their reasonable expectations would be that the same limits of liability would apply in the event of any accident, whether the person covered were in an insured car or an uninsured car or were a pedestrian, and whether the injury were caused by an insured motorist or by an uninsured motorist.

We therefore hold that the limit of the company's liability is $10,000 for each person. Accordingly the judgment of the Circuit Court of Du Page County is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.