James D. HARLOW, Appellant,

v.

SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellee.

No. 11663.

Court of Civil Appeals of Texas.

Austin.

March 12, 1969.

Rehearing Denied April 9, 1969.

Senterfitt & Adams, San Saba, Hammett & Hammett, James V. Hammett, Jr., Lampasas, for appellant.

Haley, Fulbright, Winniford, Sessions & Bice, Sherwin A. Winniford, Waco, for appellee.

PHILLIPS, Chief Justice.

This suit was brought in the court below against the Insurance Company by Appellant for medical payments resulting from injuries received by his son while riding as a passenger in an automobile which was not listed on the policy here in question and which was not owned by Appellant. As a result of this accident Appellant incurred $2,612.37 in medical expenses. The policy was a comprehensive automobile liability policy issued to Appellant by Appellee company covering each of four automobiles owned by Appellant. Appellant sought recovery for medical payments for the maximum amount of each policy which was for $2000 multiplied by the four cars insured under the policy making a total of $8000. In addition, Appellant sought a statutory penalty of 12 percent on $8000 and attorney's fees of $2000.

The case was tried to the court without a jury and the court rendered judgment for the amount of the medical expenses actually incurred, $2,612.37, a statutory penalty of 12% of $612.37, and $750 attorney's fees. It is from this judgment that Appellant has perfected his appeal to this Court.

We reform the judgment of the trial court and as reformed, it is affirmed.

Appellant is before this Court on five points of error, the first of which is that of the court in failing to render judgment for plaintiff in the amount of $8000 for medical payments, because the policy in question contains four separate insurance contracts, with each providing for the unqualified payment of up to $2000 by Appellee for medical expenses incurred by Appellant.

We overrule this point.

First of all we hold that the policy [1] before us is a contract of indemnity, Laurie

1. Those portions of the Comprehensive Automobile Liability Policy pertinent to this appeal are as follows:

### "DECLARATIONS

5. Coverages and Limits of Liability—The Insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability shall be * * * $2,000 each person as respects medical payments. The limits of the company's liability against each such coverage shall be stated herein, subject to all the terms of this policy having reference thereto.

6. Owned Automobiles

| DESCRIPTION | | | ADVANCE PREMIUM BY COVERAGE |
|---|---|---|---|
| Unit No. | Year of Model | Trade Name | C. Medical Payments and Death Indemnity |
| 1 | 1963 | Chev. | 11.00 |
| 2 | 1961 | Ford | 9.00 |
| 3 | 1965 | Ford | 12.00 |
| 4 | 1966 | Ford | 24.00 |

### ENDORSEMENT—AUTOMOBILE MEDCIAL PAYMENTS

The company agrees with the named insured, subject to the limit of liability, exclusions, conditions and other terms of this endorsement:

### INSURING AGREEMENTS

1. Automobile Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

Division 2. To or for each insured who sustains bodily injury, sickness or disease, caused by accident, while in or upon, or while entering into or alighting from, or through being struck by, an automobile.

### CONDITIONS

2. Limit of Liability: The limit of liability stated in the Declarations as applicable to 'each person' for Medical Payments Coverage is the limit of the company's liability for all expenses incurred by or on behalf of each person including each insured, who sustains bodily injury, sickness, disease or death as the result of any one accident.

3. Medical Reports; Proof and Payment of Claim: * * * The company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury. * * *

5. Other Insurance: * * *

Under division 2, the insurance shall be excess insurance over any other valid and collectible automobile medical payments insurance available to an insured under any other policy."

Under Conditions set forth in the basic policy, it is provided as follows:

"3. (3) (d) Two or More Automobiles. The terms of this policy apply separately to each automobile insured hereunder. * * * "

v. Holland America Insurance Company, Appellate Court of Illinois, 31 Ill.App.2d 437, 176 N.E.2d 678. Laurie holds that policies of this type are issued and accepted for the purpose of furnishing indemnity against accidents and that the language of the policy must be construed with reference to the subject to which it is applied. That by its terms it provides that the insurer will pay the insured for medical expenses incurred which arise out of an automobile accident. 1 Couch on Insurance 2d, Sec. 1:16; 21 A.L.R. 3rd series, page 900.

Here Appellant has one policy with four contracts of insurance, each one of which is bound by all the provisions and conditions of the policy itself. One of these conditions is that the company agrees with the insured that it will pay only "all reasonable expenses incurred, within one year from the date of the accident." By virtue of another provision of the policy providing where there were two or more automobiles the terms of the policy would apply separately to each, the courts have allowed the insured indemnity to the extent of the combined medical payments provided in the policy on all the automobiles. Southwestern Fire and Casualty Company v. Atkins, 346 S.W.2d 892 (Tex.Civ.App. Houston, 1961, no writ). Consequently, the trial court was correct in allowing recovery for an amount in addition to the $2000 limit of any one policy. Cases cited[2] by Appellant are not in point here as recovery in those cases was allowed both in contract and in tort.

■ Appellant's second point of error is that of the court in failing to render judgment for plaintiff for 12% of $8000 as the statutory penalty due in accordance with Tex.Rev.Civ.Stat.Ann. art. 3.62–1, Insurance Code.

We overrule this point.

Here we reform the judgment of the trial court and hold that the statutory penalty should be assessed against the total amount of the medical recovery of $2,612.-37.

■ The Appellant's third, fourth and fifth points are the error of the trial court in failing to render judgment for Appellant for $2000 attorney's fees because the undisputed evidence is that such fee is a reasonable fee under the circumstances of this case; the error of the court in allowing Appellant only $750 attorney's fees because such finding was against the great weight and preponderance of the evidence and, lastly, that there was no evidence to support such finding.

We overrule these points.

Tex.Rev.Civ.Stat.Ann. art. 3.62–1, Insurance Code, provides, with respect to attorneys' fees, as follows:

"In all cases where a loss occurs and the general casualty company * * * liable therefor under a life, health, or accident policy issued by any such insurer shall fail to pay the same within sixty (60) days after filing written proof of loss thereof, such insurer shall be liable to pay * * * together with reasonable attorneys fees for the prosecution and collection of such loss. Such attorneys fees shall be taxed as a part of the costs in the case. The court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy."

■ It is the responsibility of the trier of the facts to determine what is the reasonable value of an attorney's services. Here the court tried the case, heard evidence relating to the time and value of the services rendered Appellant and had knowl-

2. Edmondson v. Keller, 401 S.W.2d 718 (Tex.Civ.App. Austin 1966, no writ). Severson v. Milwaukee Auto Insurance Co., 265 Wis. 488, 61 N.W.2d 872, 42 A.L.R. 976.

edge of all other attending circumstances. Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155 (1945). While the record contains uncontradicted testimony by an attorney witness as to what the value of the services were worth, opinion evidence as to the correct amount of attorney's fees should be, even though uncontradicted, is not binding and conclusive on the trial court. Head v. Hargrave, 105 U.S. 45, 26 L.Ed. 1028; 5 American Jurisprudence, Attorney's at Law, Section 192. We hold that the trial court did not abuse his discretion here.

The judgment of the trial court is reformed as indicated above and as reformed, affirmed.

All costs of appeal are assessed against the appellee.

Reformed, and as reformed, affirmed.