**WESTCHESTER FIRE INSURANCE COMPANY, Appellant,**

v.

**Raymond TUCKER, Appellee.**

No. 803.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 18, 1973.

Rehearing Denied May 9, 1973.

Arno W. Krebs, Jr., Fulbright, Crooker & Jaworski, Houston, for appellant.

Paul C. Murphy, III, Malone, Murphy & Fenley, Huntsville, for appellee.

CURTISS BROWN, Justice.

This is an appeal of an uninsured motorist liability case.

The question presented is one of first impression in Texas, i. e., whether the insured is entitled to "stack" uninsured motorist coverage so as to permit him to recover up to $20,000 if injured while occupying an owned insured vehicle.

Appellee, Raymond Tucker (Tucker), purchased a family combination automobile insurance policy from the appellant, Westchester Fire Insurance Company (Westchester). The policy insured two vehicles. The vehicle designated as Car No. 1 was a 1967 Dodge Pickup. A premium of four dollars for Family Protection coverage was paid on this vehicle. A premium of three dollars for Family Protection coverage was also paid on Car No. 2 which was a 1962 Chevrolet Sedan. Tucker, while driving insured vehicle No. 1, was in a collision with an uninsured motorist. It was stipulated by the parties that the uninsured motorist was guilty of negligence which was a proximate cause of the collision. Stipulated damages to Tucker were in the amount of $15,000. The trial court entered judgment on the basis that coverage was available to appellee up to the amount of actual damages sustained. If the appellee is entitled to "stack" his uninsured motorist coverage the case should be affirmed. If he is not so entitled the case should be reversed and rendered in part.

Fidelity & Casualty Company of New York v. Gatlin, 470 S.W.2d 924 (Tex.Civ. App.—Dallas 1971, no writ), cited with apparent approval by the Supreme Court in American Liberty Insurance Company v. Ranzau, 481 S.W.2d 793 (Tex.Sup.1972), holds that our uninsured motorist statute sets a minimum amount of coverage and does not place a limit upon the total amount of recovery so long as that amount does not exceed the actual loss. Also Gatlin stands for the proposition that where the loss exceeds the limits of one policy

the insured may proceed under other available policies.

The issue posed by this appeal requires us to consider a number of cases.[1] However, in our view, this case is controlled by the reasoning in the opinion of the Supreme Court in American Liberty Insurance Company v. Ranzau, supra.

In Ranzau the Supreme Court allowed the injured insured who was riding in a *non-owned* automobile to collect $10,000 under the uninsured motorist coverage of the vehicle in which she was riding and stacked $10,000 from the Ranzau's insurer under their uninsured motorist protection. The insured having been injured under circumstances invoking the *non-owned* automobile coverage, the Court did not allow the recovery of an additional $10,000 on the *second* Ranzau policy. The Court reasoned that it was not shown that Ranzau paid an *additional* premium for or acquired additional non-owned automobile protection from an uninsured motorist when he paid the premium of three dollars for uninsured motorist coverage on the second owned automobile.

In the case at bar it is stipulated that appellee paid for uninsured motorist coverage on *both* cars and by two separate premiums, one for four dollars and the other for three dollars. Following the reasoning of Ranzau appellee paid and therefore Westchester received consideration for the risk exposure for this coverage on both owned vehicles. Appellee paid for both coverages and should therefore receive the benefits from such payments.[2]

The judgment of the trial court is affirmed.

1. Allstate Insurance Company v. Zellars, 462 S.W.2d 550 (Tex.Sup.1970) ; Fidelity & Casualty Company of New York v. Gatlin, supra; Southwestern Fire and Casualty Company v. Atkins, 346 S.W.2d 892 (Tex.Civ.App.-Houston 1961, no writ) ; Harlow v. Southern Farm Bureau Casualty Ins. Co., 439 S.W.2d 365 (Tex. Civ.App.-Austin 1969, writ ref'd n. r. e.) ; Northwestern Mutual Insurance Co. v. Lawson, 476 S.W.2d 931 (Tex.Civ.App.-Tyler 1972, no writ) ; Sellers v. United States Fidelity & Guaranty Co., 185 So. 2d 689 (Fla.1966) ; Sellers v. Government Employees Insurance Company, 214 So.2d 879 (Fla.App.1968), cert. dism'd, 229 So.2d 873 (Fla.1969) ; Bogart v. Twin City & Transamerica, 473 F.2d 619 (5th Cir. Jan. 24, 1973).

2. United Services Automobile Association v. Dokter, 86 Nev. 917, 478 P.2d 583 (1970) ; Blakeslee v. Farm Bureau Mutual Ins. Co. of Mich., 388 Mich. 464, 201 N.W.2d 786 (1972) ; Boettner v. State Farm Mutual Insurance Company, 201 N. W.2d 795, 388 Mich. 482 (1972) ; Safeco Insurance Company of America v. Robey, 399 F.2d 330, 339 (8th Cir. 1968) ; cf. Deterding v. State Farm Mutual Automobile Ins. Co., 78 Ill.App.2d 29, 222 N.E. 2d 523 (1966). Contra: Kennedy v. American Hardware Mutual Ins. Co., 255 Or. 425, 467 P.2d 963 (1970).