**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant,**

v.

**Robert A. TURNER, Appellee.**

No. 16099.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 24, 1973.

Rehearing Denied Aug. 16, 1973.

Howard L. Nations, Houston (Nations, Cross, Delhomme & Parnham, Houston, of counsel), for appellant.

Krist & McConnico, Ronald D. Krist, Harvill E. Weller, Jr., Houston, for appellee.

EVANS, Justice.

A law question not so far decided by the Texas Supreme Court is whether "stacking" of uninsured motorist insurance is appropriate in a case of multiple automobiles covered by a single policy. In a recent case, the 14th Court of Civil Appeals (at Houston), acting upon reasoning of American Liberty Ins. Co. v. Ranzau, 481 S.W.2d 793 (Tex.Sup.1972), determined "stacking" to be proper. Westchester Fire Insurance Company v. Tucker, 494 S.W.2d 654 (Tex. Civ.App., opinion dated April 18, 1973). We hold "stacking" to be proper under the facts of this case.

Appellee's single policy of insurance covered five owned automobiles. A separate premium for uninsured motorist coverage was paid for each automobile insured. The policy declarations show uninsured motorist coverage of $10,000 for each person and $20,000 for each accident as to each of the automobiles covered. A premium of $4.00 was paid for the first automobile and premiums of $3.00 each were paid on the four additional automobiles.

Appellee was injured in a collision with a negligent uninsured motorist while driving an automobile listed as Automobile No. 3 in the declarations. Appellee's damages exceeded the sum of $50,000, and the trial court rendered judgment for appellee in the amount of $50,000. There is no statement of facts. The trial court's findings of fact reflect the essential facts and include a finding that "each of the five contracts of uninsured motorist protection and each of the five premiums paid thereon extend coverage to each and all of the owned insured automobiles." The trial court's conclusion of law was that appellee was entitled to aggregate recovery of $50,000 under the five contracts.

Appellant's points of error are that there is no evidence to support the trial court's "finding" and that the trial court erred in

aggregating or "stacking" appellee's recovery.

Appellant's basic contention is that the policy's "limits of liability" provision restricts appellee's recovery to the statutory minimum of $10,000 which the policy declarations indicate to be applicable to each automobile covered by uninsured motorist insurance. Appellant argues that such limitation in a single policy case precludes recovery beyond the amount specified in the declarations for the automobile which the insured was using at the time of the accident.

Aggregation or "stacking" has been held proper where separate policies are involved. Fidelity & Casualty Co. v. Gatlin, 470 S.W.2d 924 (Tex.Civ.App.—Dallas 1971, n. w. h.); United Services Automobile Association v. Bratton [Tex.Civ.App. —San Antonio 1971 (Docket No. 15082, unpublished)]. Stacking has also been held proper in a single policy case involving medical payments coverage. Southwestern Fire & Casualty Co. v. Atkins, 346 S.W.2d 892 (Tex.Civ.App.—Houston 1961, n. w. h.); Harlow v. Southern Farm Bureau Cas. Ins. Co., 439 S.W.2d 365 (Tex. Civ.App.—Austin 1969, ref'd n. r. e.). In cases involving *non*-owned automobiles "stacking" has been denied. Allstate Insurance Co. v. Zellars, 462 S.W.2d 550 (Tex.Sup.1970); American Liberty Ins. Co. v. Ranzau, 481 S.W.2d 793 (Tex.Sup. 1972). The reasoning in Zellars and Ranzau was that no consideration was shown as to additional automobile coverage since by payment of the initial uninsured motorist premium, the insured obtains coverage as to all *non*-owned automobiles. See also Allstate Insurance Co. v. Mole, 414 F.2d 204 (5th Cir. 1969); Bogart v. Twin City Fire Ins. Co., 473 F.2d 619 (5th Cir. 1973).

We are of the opinion, as was the 14th Court of Civil Appeals in Westchester, that the Texas Supreme Court by its dictum in Ranzau has indicated "stacking" is proper in cases of *owned* automobiles covered by uninsured motorist insurance, even where such coverage is provided by a single policy. As determined by Ranzau and restated in Westchester, the consideration for such aggregated coverage is the payment of a separate premium for each owned automobile at the time it is added to the coverage of the policy. We accordingly hold that the limits of liability provision of the policy does not restrict appellee's recovery, except to the aggregate of the applicable policy limits and to the extent of its damages, and that appellee is entitled to aggregate or "stack" the benefits attributable to each premium payment under the uninsured motorist provision.

In view of our holding that "stacking" is appropriate under the terms of the policy and upon proof of payment of separate uninsured motorist premiums as shown in the declarations, it becomes unnecessary for us to consider appellant's no evidence point directed at the trial court's finding of fact. For the same reason we deny appellant's motion for leave to file supplemental transcript.

We affirm the judgment of the trial court.