**Haskell M. DHANE et ux., Appellants,**

**v.**

**TRINITY UNIVERSAL INSURANCE CO., Appellee.**

No. 5255.

Court of Civil Appeals of Texas, Waco.

June 14, 1973.

Rehearing Denied July 12, 1973.

Carter, Jones, Magee, Rudberg, Moss & Mayes (John E. Agnew), Dallas, for appellants.

Strasburger, Price, Kelton, Martin & Unis (Royal H. Brin, Jr.), Dallas, for appellee.

HALL, Justice.

Haskell M. Dhane is the named insured in a three-car family automobile policy issued by Trinity Universal Insurance Company. While driving one of the three owned vehicles designated in the policy, Mrs. Dhane was in collision with an uninsured motorist and suffered severe personal injuries. The Dhanes brought this action for policy benefits.

The questions posed on appeal are: should plaintiffs be allowed to recover triple benefits under medical payments coverage and triple benefits under uninsured motorists coverage; and should Trinity be permitted to deduct any award for medical payments benefits from the uninsured motorists benefits allowed?

The pertinent provisions of the policy are as follows:

"It is agreed that with respect to each owned automobile described below, the insurance afforded by this policy is only with respect to such and so many of the following coverages as are indicated for each such automobile by specific premium charge or charges, and the limit of the company's liability against each such coverage shall be as stated herein as applicable to such automobile, subject to all the terms of the policy having reference thereto . . .

| Coverages | Car No. | Limits of Liability | Premiums |
|---|---|---|---|
| C. Medical Payments | 1 | $2,000 each person | $13.00 |
| | 2 | $2,000 each person | $11.00 |
| | 3 | $2,000 each person | $11.00 |
| . . . . . . . . . . . . | 1 | | |
| | 2 | | |
| | 3 | | |
| Uninsured Motorists J. or Family Protection coverage | 1 | $10,000 each person | $4.00 |
| | 2 | $20,000 each accident | $3.00 |
| | 3 | | $3.00 |

Description Of Owned Automobiles:

| | Year of Model | | Body Type Model | Identification No. |
|---|---|---|---|---|
| car 1 | 1964 | Plymouth Valiant | 2—Dr Sed. | |
| car 2 | 1969 | Chevrolet ½T P/U | | |
| car 3 | 1967 | Plymouth Belvedere | 2—Dr Hdtp. | |

Trinity Universal Insurance Company agrees with the insured . . . in consideration of the payment of the premium . . . and subject to all of the terms of this policy:

### "PART I—LIABILITY

. . . . . .

### "PART II—EXPENSES FOR MEDICAL SERVICES

"Coverage C—Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical . . . services: Division 1: To or for the named insured and each relative who sustains bodily injury . . . caused by accident, (a) while occupying the owned vehicle, (b) while occupying a non-owned automobile with the owner's permission, or (c) through being struck by an automobile. Division 2: To or for any other person who sustains bodily injury, caused by accident, while occupying (a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured . . .

. . . . . .

"Definitions. ["Owned automobile" means a private passenger, farm or utility automobile described in this policy for which a specified premium charge indicates that coverage is afforded].

. . . . . .

"Limit of Liability. The limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

### "PART III—PHYSICAL DAMAGE

. . . . . .

### "PART IV—FAMILY PROTECTION COVERAGE

"Coverage J.—Family Protection (Damages for Bodily Injury). To pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . sustained by the insured, caused by accident arising out of the ownership, maintenance or use of such uninsured automobile . . .

. . . . . .

"Definitions: "Insured" means (a) the named insured and any relative; (b) any other person while occupying an insured automobile; and (c) any person, with respect to damages he is entitled to recover because of bodily injury to which this Part applies sustained by an insured under (a) or (b) above. The insurance afforded under Part IV applies separately to each insured, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability. "Insured automobile" means: (a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded . . . (d) a non-owned automobile while being operated by the named insured . . .

. . . . . .

"Limits of Liability.

"(a) The limit of liability for family protection coverage stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages . . . because of bodily injury sustained by one person as the result of any one accident . . .

. . . . . .

"(d) The company shall not be obligated to pay under this coverage that part of the

damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II.

"Exclusions. This policy does not apply under Part IV: (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile.

"Two Or More Automobiles—Parts I, II and III.

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, . . .

. . . . . .

"Declarations. By acceptance of this policy, the insured . . . agrees . . . that policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance."

The case was tried on stipulated facts. In January 1970, while the policy was in force, Mrs. Dhane was driving the automobile described as "Car No. 1" in the policy when it was in collision with an uninsured vehicle driven by Michael Lee Durbin. As a result of bodily injuries suffered by Mrs. Dhane in the accident, plaintiffs incurred reasonable and necessary medical expenses in excess of $10,000 within one year following the collision; and they will suffer damages in the future (which include physical and mental pain and suffering, diminished earning capacity, and reasonable and necessary medical expenses) in excess of $36,000. The collision, and the resulting injuries and damages to plaintiffs, were caused solely and directly by the negligence of the driver of the uninsured automobile. On May 20, 1971, plaintiffs made demand on Trinity for $6,000 medical payments benefits and $30,000 uninsured motorists benefits.

Plaintiffs asserted in the trial court, as they do here, that because they paid three premiums for medical payments coverage and three premiums for uninsured motorists coverage they are entitled under the terms of the policy to "stack" and recover triple limits provided by the policy for each coverage—$6,000 medical payments benefits; $30,000 uninsured motorist benefits—plus statutory penalty and attorney's fees on the medical payments; or that, in any event, the policy provisions are so uncertain as to benefits intended by the coverages that plaintiffs should be awarded the largest recovery provided thereunder. Trinity contended in the trial court, as it does here, that there are no ambiguities in the policy regarding the protections in question and that, under the policy terms, only the single limits provided for the coverages as they relate to the insured vehicle involved in the accident—$2,000 medical payment benefits; $10,000 uninsured motorists benefits—are recoverable by plaintiffs; and that Trinity is entitled to reduce the uninsured motorists coverage benefits by the amount of medical payments benefits, leaving a net amount due plaintiffs of $10,000.

While the case was awaiting trial, an agreement was made whereby Trinity paid plaintiffs $10,000 without prejudice to the rights of the parties.

After a hearing without a jury, the court rendered judgment that plaintiffs recover from Trinity an additional $6,000 "as medical payment coverage," with interest thereon from the date of demand, plus statutory penalty and "stipulated reasonable statutory attorney's fees"; but denied all claims for other relief sought by the parties. We have concluded that the judgment is correct.

■■ As a general rule, a contract of insurance is to be construed as other contracts, and all parts of that particular contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intention of the parties. American-Amicable Life Insurance Co. v. Lawson

(Tex.Sup.1967) 419 S.W.2d 823, 826. But this does not affect the settled principle of insurance law that when the contract is capable of two constructions, one of which allows recovery and the other of which denies it, that construction will be given which permits a recovery. 32 Tex.Jur.2d 122, Insurance, Sec. 60.

█ We find no ambiguity in the pertinent uninsured motorist provisions of the policy. Under them, Trinity agrees to pay plaintiffs the stated limits for bodily injury damages (which they shall be legally entitled to recover from the owner or operator of an uninsured automobile) suffered by them by accident out of the ownership, maintenance or use of the uninsured vehicle. However, this protection is expressly excluded if plaintiffs are injured while occupying, or through being struck by, an automobile owned by the named insured or a relative unless the automobile is one described in the policy and for which a specific premium charge indicates that coverage is afforded. In other words, if, at the time of the collision in question, a specific premium charge for uninsured motorist coverage had not been made for the owned vehicle Mrs. Dhane was driving, then plaintiffs would have been without such coverage, albeit premiums for that insurance had been paid on the other owned vehicles described in the policy. It was this very circumstance that prompted the following statement by the Court in American Liberty Insurance Company v. Ranzau (Tex.Sup.1972) 481 S.W.2d 793, 798:

"Moreover, there was consideration for the extra premium of $3.00 [for unin-sured motorist coverage] upon the addition of the second owned automobile in the protection afforded Ranzau if an insured, while using the second owned automobile, suffered damages at the hands of an uninsured motorist."

Plaintiffs argue that since they did not fall within the exclusionary provision because a premium charge for uninsured motorist coverage was specified for all three owned vehicles described in the policy, including the collision vehicle, they are therefore entitled to triple benefits. The argument is untenable.[1] Plaintiffs received their *non-owned* automobile protection from an uninsured motorist under the basic policy and the premium charge therefor. *Ranzau,* supra, 481 S.W.2d 793, 797. Clearly, the additional premium charges in question are intended to provide the coverage for an insured or "any other person" while they are occupying the particular *owned* vehicle beside which the coverage is specified in the policy.

Plaintiffs cite the recent cases of Westchester Fire Insurance Company v. Tucker (Tex.Civ.App.—Hou.14th) 494 S.W.2d 654,[2] and Hartford Accident And Indemnity Company v. Turner (Tex.Civ.App.—Hou.1st) 498 S.W.2d 8.[3] Both allowed the stacking of uninsured motorists insurance. The references in those cases to the policies construed are scant, and we are unable to make an adequate comparison of their policies with ours. If the cases are intended to stand for the argument advanced by plaintiffs that mere payment of multiple premiums for the coverage entitles

---

1. Plaintiffs lean heavily on Southwestern Fire and Casualty Company v. Atkins (Tex.Civ.App., 1961, no writ hist.) 346 S.W.2d 892, and Harlow v. Southern Farm Bureau Casualty Insurance Company (Tex.Civ.App., 1969, writ ref., n. r. e.) 439 S.W.2d 365, in support of their general proposition that multiple premiums means multiple benefits. Medical payments coverages were stacked in both cases. In *Atkins,* the policy provided such protection to an insured who sustained bodily injury caused by accident

"while occupying or through being struck by *an* automobile"; and in *Harlow,* the coverage was accorded an insured who suffered accidental bodily injury "while in or upon, or while entering into or alighting from, or through being struck by, *an* automobile." Hence, the policies in those cases did not tie the stacked benefits to the use of a specified vehicle.

2. Opinion delivered April 18, 1973.

3. Opinion delivered May 24, 1973.

an insured to multiple benefits, then we cannot agree with them.

■ Insofar as medical payments coverage is concerned, the "two or more automobiles" clause of the policy expressly effectuates a contract of insurance separately as to each car insured, and binds each policy with all the provisions and conditions of the single policy. Southwestern Fire and Casualty Company v. Atkins (Tex.Civ. App.,1961, no writ hist.) 346 S.W.2d 892, 895. Literally, then, the relevant terms of each of the three policies provide that, within the stated limits, Trinity will:

"Pay all reasonable expenses incurred within one year from the date of accident for necessary medical services to or for the named insured and each relative who sustains bodily injury caused by accident (a) while occupying a private passenger, farm or utility automobile described in this policy for which a specified premium charge indicates that coverage is afforded, (b) while occupying a non-owned automobile with the owner's permission, or (c) through being struck by an automobile."

■ Subdivision (a) of the foregoing provisions is apparently tied to the use of the particular automobile described in each separate policy (owned vehicles) and would therefore afford only one coverage recovery to an insured. Yet, (b), which is common to all three policies, is not limited to the use of any one vehicle and would thus allow the insureds triple benefits if they are injured in a non-owned automobile. Subdivisions (a) and (b) are incongruous. And what of (c)? Is it intended only to apply to an insured as a pedestrian? Is it not intended to apply to an insured who is struck by a second automobile while he is occupying an owned or non-owned automobile? The policy does not contain such limitations. Again, subdivision (c) is common to the three policies, is not tied to a single vehicle, and must therefore be construed as providing triple benefits.

In short, the policy provisions for medical payments coverage are uncertain and capable of several constructions for payment of benefits. Without a policy definition to the contrary, it cannot be denied that Mrs. Dhane was "struck by an automobile" when the car driven by Durbin collided with the automobile she was driving. As we have shown, each of the three policies provides medical payments compensation for bodily injury damages caused by this type accident. Plaintiffs were therefore entitled to the triple benefits awarded them under this coverage.

■ The policy very clearly states that Trinity is not obliged to pay as uninsured motorist coverage that part of the insured's damages which represents expenses that are paid or payable under the policy as medical payments coverage. Plaintiffs insist that this limiting proviso contravenes Vernon's Ann.Tex.Ins.Code, Art. 5.06—1, and is therefore void as contrary to public policy. We agree.

Article 5.06—1 of the Insurance Code provides in part:

"No automobile liability insurance . . . covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, in the limits described in the Texas Motor Vehicle Safety-Responsibility Act . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. The coverage required under this Article shall not be applicable where any insured named in the policy shall reject the coverage . . . ."

The question posed is one of first impression in Texas. However, courts of our State have concluded that provisions for reduction of uninsured motorists coverage

by "other insurance" and by workmen's compensation benefits are in violation of the statute and void. See American Liberty Insurance Co. v. Ranzau, (Tex.Sup., 1972) 481 S.W.2d 793, 796 (other insurance); Northwestern Mutual Insurance Company v. Lawson (Tex.Civ.App.,1972, no writ hist.) 476 S.W.2d 931, 935 (other insurance); Fidelity & Casualty Company of New York v. McMahon (Tex.Civ.App., 1972, writ ref., n.r.e.) 487 S.W.2d 371, 372 (workmen's compensation benefits); and Fidelity & Casualty Company of New York v. Gatlin (Tex.Civ.App.,1971, no writ hist.) 470 S.W.2d 924, 927 (other insurance).

In *Gatlin*, the court pointed to the fact that Article 5.06—1 of the Ins. Code was enacted for the benefit of the innocent victim of a financially irresponsible motorist and should be liberally construed to fully accomplish that purpose, and said:

"By enacting the law the Legislature did not attempt to fix any maximum limit of recovery but merely established a minimum requirement. The statute is plain in its direction that each policy of insurance issued must contain uninsured motorist protection in minimum amounts, without qualification, and it necessarily follows that any attempt on the part of an insurer to limit the effect of such provision must be held to be in derogation of the statute itself. It would be unconscionable to permit insurers to collect a premium for a coverage which they are required by statute to provide, and then to avoid payment of a loss because of language of limitation devised by themselves."

Faced with the identical question, the Court in Bogart v. Twin City Fire Insurance Company (5th Cir.,1973) 473 F.2d 619, 626, concluded that the clause under discussion is void. The Court recognized that, unlike the facts in *Ranzau, Lawson, McMahon,* and *Gatlin*, the insurance here sought to be offset is found in the same policy; but it determined, as we do, that the reasoning under both circumstances is the same. And as was true in *Bogart*, our insureds have suffered more in damages than they will receive in this lawsuit and this removes any fear of double recovery.

The judgment is affirmed.

The costs of this appeal are assessed 50% against appellants and 50% against appellee.