WESTCHESTER FIRE INSURANCE
COMPANY, Petitioner,

v.

Raymond TUCKER, Respondent.

Haskell M. DHANE et ux., Petitioners,

v.

TRINITY UNIVERSAL INSURANCE
COMPANY, Respondent.

Nos. B–4071, B–4156.

Supreme Court of Texas.

June 12, 1974.

Rehearing Denied July 24, 1974.

Fulbright, Crooker & Jaworski, Arno W. Krebs, Jr., Houston, for Westchester Fire Ins. Co.

Malone, Murphy & Fenley, Paul C. Murphy, III and Dan W. Heard, Huntsville, for Tucker.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Charles D. Mayes, Dallas, for Dhane.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, for Trinity Universal Ins. Co.

WALKER, Justice.

These two cases present one common question: Are the stated policy limits of the uninsured motorist coverage provided by a single multicar policy containing the provisions discussed below to be "stacked" or "pyramided" where necessary to pay damages the named insured or a "relative" is entitled to recover from an uninsured motorist as the result of a collision while the plaintiff was driving or occupying one of the vehicles covered by the policy? In one of the cases the 14th Court of Civil Appeals at Houston concluded that the question should be answered in the affirmative. Westchester Fire Ins. Co. v. Tucker, Tex.Civ.App., 494 S.W.2d 654. In the other case the 10th Court of Civil Appeals at Waco held to the contrary. Dhane v. Trinity Universal Ins. Co., Tex.Civ.App., 497 S.W.2d 323. We agree with the latter holding. One of the cases involves other questions that will be noticed later.

The facts were stipulated in both cases, and the cases were tried before the court on the stipulations. The essential facts are as follows:

*No. B-4071*: Westchester Fire Insurance Company issued to Raymond Tucker an automobile insurance policy covering two vehicles, a 1967 Dodge pickup designated as Car 1 and a 1962 Chevrolet four-door sedan designated as Car 2. The policy provided uninsured motorist coverage, referred to in the policy as family protection coverage, in the stated limits of $10,000.00 each person and $20,000.00 each accident. A premium of $4.00 was charged for this coverage on Car 1, and a premium of $3.00 for the coverage on Car 2. While driving Car 1, Tucker was in a collision proximately caused by the negligence of an uninsured motorist. Tucker, who was not at fault, brought suit against Westchester to recover the damages sustained by him as a result of the collision, which are stipu-

lated to be in the amount of $15,000.00. Judgment was rendered by the trial court in Tucker's favor for $15,000.00 less the amount previously paid him by Westchester, and the Court of Civil Appeals affirmed.

*No. B-4156*: Trinity Universal Insurance Company issued to Haskell M. Dhane an automobile insurance policy covering three vehicles, a 1964 Plymouth Valiant designated as Car 1, a 1969 Chevrolet pickup designated as Car 2, and a 1967 Plymouth Belvedere designated as Car 3. The policy provided medical payments coverage on each vehicle in the stated limit of $2,000.00 each person. A premium of $13.00 was charged for this coverage on Car 1, and premiums of $11.00 for the coverage on each of the other two vehicles. The policy also provided family protection coverage in the stated limits of $10,000.00 each person and $20,000.00 each accident. A premium of $4.00 was charged for this coverage on Car 1, and premiums of $3.00 for the coverage on each of the two other vehicles. While driving Car 1, Mrs. Mary E. Dhane, the wife of the named insured, suffered personal injuries in a collision with an uninsured motorist. The collision was proximately caused by the negligence of the uninsured motorist, and Mrs. Dhane was not at fault. As a result of her injuries, she and her husband have incurred medical expenses in excess of $10,000.00. Her damages other than medical expenses already incurred were stipulated to be more than $36,000.00, and Mr. and Mrs. Dhane brought suit against Trinity Universal to recover $6,000.00 medical payment benefits and $30,000.00 uninsured motorist benefits under the policy. The trial court awarded them judgment for the $6,000.00 under medical payment coverage but limited their recovery under the uninsured motorist provisions of the policy to $10,000.00. The Court of Civil Appeals affirmed.

The xerographic copies of the insurance policies in the two records are rather difficult to read. According to the briefs, the

two policies contain substantially the same provisions. The relevant provisions of the Tucker policy relating to family protection coverage are quoted in the margin.[1]

1.

MEMORANDUM OF INSURANCE

\* \* \*

WESTCHESTER FIRE
INSURANCE COMPANY
New York, N. Y.

---

\* \* \*

Item 3. The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Premiums | | Limits of Liability | Coverages |
|---|---|---|---|
| Car No. 1 | Car No. 2 | | |
| \* \* \* | | | |
| J $4.00 | $3.00 | $10,000.00 each person $20,000.00 each accident | FAMILY PROTECTION |
| \* \* \* | | | |

---

Agrees with the Insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to all of the terms of this policy.

## PART I—LIABILITY

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DEFINITIONS. Under Part I:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

"owned automobile" means
(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded, . . .

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PART II—EXPENSES FOR MEDICAL SERVICES

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PART III—PHYSICAL DAMAGE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PART IV—FAMILY PROTECTION COVERAGE

COVERAGE J.—FAMILY PROTECTION (DAMAGES FOR BODILY INJURY) To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; . . .

DEFINITIONS The definitions under Part I, except definition of "insured" apply to Part IV, and under Part IV "insured" means (a) the named insured and any relative; (b) any other person while occupying an insured automobile; and (c) any person, with respect to damages he is entitled to recover because of bodily injury to which this Part applies sustained by an

It should be noted at the outset that the provisions governing the limit of the company's liability for damages caused by an uninsured motorist are clear and unambiguous. Our courts and those of certain other jurisdictions have concluded that the "two or more automobiles" clause gives rise to an ambiguity or, in effect, creates two policies with respect to medical payments coverage. Harlow v. Southern Farm Bureau Cas. Ins. Co., Tex.Civ.App., 439 S.W.2d 365 (wr. ref. n. r. e.); South-

western Fire and Cas. Co. v. Atkins, Tex. Civ.App., 346 S.W.2d 892 (no writ); Government Employees Ins. Co. v. Sweet, Fla. App., 186 So.2d 95. That clause has no application to the uninsured motorist coverage. It applies only to Parts I, II and III of the policy. The "pay all sums" clause in Part IV of the policy does not create any doubt or uncertainty as to the extent of the company's liability. See Allstate Ins. Co. v. Zellars, Tex.Sup., 462 S. W.2d 550. That clause obviously is not in-

insured under (a) or (b) above. The insurance afforded under Part IV applies separately to each insured, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability. *"insured automobile"* means (a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded (b) a private passenger, farm or utility automobile, ownership of which is acquired by the named insured during the policy period . . . and (d) a non-owned automobile while being operated by the named insured, and the term "insured automobile" . . . shall not include (1) any automobile or trailer owned by a resident of the same household as the named insured, . . .

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

EXCLUSIONS This policy does not apply under Part IV: (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile; . . .

LIMITS OF LIABILITY

(a) The limit of liability for family protection coverage stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

(d) The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under Part II.

OTHER INSURANCE With respect to bodily injury to an insured while occupying an automobile not owned by the named insured, the insurance under Part IV shall apply as excess insurance over any other similar insurance available to such insured applicable to such automobile as primary insurance, and this insurance shall apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

## CONDITIONS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

4. TWO OR MORE AUTOMOBILES—Parts I, II AND III

When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, . . . . .

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

tended and cannot be construed to afford unlimited protection, and plaintiffs do not contend otherwise. It is necessary to look elsewhere to determine the limits of the company's liability, and plaintiffs implicitly recognize this when they insist upon stacking or pyramiding the stated policy limits.

The face of the policy provides that the limit of the company's liability against each coverage indicated by "specific premium charge or charges" shall be as stated therein. Part IV of the policy stipulates that the limit of liability for family protection stated in the declarations as applicable to each person is the limit of the company's liability for all damages sustained by one person as the result of any one accident. Upon turning to the declarations, we find that the stated limits of liability are $10,000.00 for each person and $20,000.-00 for each accident. In our opinion the terms of the policy governing family protection coverage make it quite clear that $10,000.00 is the upper limit of the company's liability to any one person for the damages suffered in any one accident.

In American Liberty Ins. Co. v. Ranzau, Tex.Sup., 481 S.W.2d 793, Paula Ranzau was injured while riding as a passenger in an automobile owned by Colonel Raphael. The accident was caused by an uninsured motorist, and United Services Automobile Association paid to the Ranzaus the $10,000.00 uninsured motorist coverage provided by its policy insuring Colonel Raphael's vehicle. Suit was then brought by Paula and her father against the latter's insurer, American Liberty Insurance Company, which had a family combination automobile liability policy in effect on two automobiles owned by Ranzau. The total damages suffered by the Ranzaus was $50,000.00, and they claimed the right to recover $20,000.00 under the uninsured motorist coverage provided by American Liberty. We held: (1) that the "other insurance" provision of the Ranzau policy was ineffective in so far as it operated to deny or reduce the protection required by our uninsured motorist statute, V.A.T.S. Insurance Code, Art. 5.06–1; and (2) that although the Ranzau policy provided uninsured motorist coverage on two automobiles with a separate premium paid for each vehicle, the Ranzaus were entitled to recover from American Liberty only the sum of $10,000.00 which was the limit of their uninsured motorist protection under its policy. In making the latter holding the Court reasoned as follows:

We agree with the court of civil appeals that Ranzau did not pay an additional premium for or acquire added non-owned automobile protection from an uninsured motorist when he paid the premium of $3.00 for uninsured motorist coverage on the second owned automobile and hence this payment cannot serve as a basis for holding that he has double coverage and can recover two policy limits of $10,000 for injury to one person. Ranzau received such coverage under the basic policy and the premium charged therefor, whether or not the policy covered one or many owned automobiles, and without the payment of an additional premium upon the addition of owned automobiles. *Zellars, supra.* Moreover, there was consideration for the extra premium of $3.00 upon the addition of the second owned automobile in the protection afforded Ranzau if an insured, while using the second owned automobile, suffered damages at the hands of an uninsured motorist. If it be said that the uninsured motorist premium payment of $3.00 on the second automobile included payment for a second non-owned automobile coverage, and hence would support a doubling of the uninsured motorist limit of $10,000 for injury to one person while riding in a non-owned automobile, it would necessarily follow that the limit would be tripled or quadrupled, by the addition of a third and a fourth automobile, and so on. In our view, this could only follow from proof that a premium was charged and paid for this additional risk exposure and protection; and for the reasons we have indicated,

this is not shown in the fact of the extra premium of $3.00 attributable to uninsured motorist coverage on the second automobile upon which the Ranzaus rely.

In *Tucker,* one of the cases now under consideration, the 14th Court of Civil Appeals at Houston noted that the insured had paid and the insured had received "consideration for the risk exposure for this [uninsured motorist] coverage on both owned vehicles." It concluded that stacking of the policy limits was proper since the insured "paid for both coverages and should therefore receive the benefits from such payments." The 1st Court of Civil Appeals at Houston reached the same conclusion on similar reasoning in a case now pending on application for writ of error. Hartford Acc. and Indem. Co. v. Turner, Tex.Civ.App., 498 S.W.2d 8 (writ pend.). We do not agree.

By virtue of the definitions in Part IV of the policy, two separate classes of persons are afforded family protection coverage. They are: (1) the named insured and any relative, and (2) any other person while occupying an insured automobile. According to the definition of "relative" in Part I, which applies to Part IV, the term means a relative of the named insured who is a resident of the same household. It is clear then that a non-relative, i. e. a person who is neither the named insured nor a relative, has uninsured motorist protection only while occupying an insured vehicle. One of the exclusions in Part IV provides, moreover, that the uninsured motorist coverage shall not extend to bodily injury to an insured while occupying a vehicle, other than an insured automobile, owned by the named insured or a relative, or through being struck by such a vehicle. Under the terms of the policy as written, therefore, the consideration for the premium charged for uninsured motorist coverage on a second or third vehicle is the protection afforded: (1) the named insured and relatives while occupying or being struck by the additional insured vehicle, and (2) non-relatives while occupying the addition-

al insured vehicle. This was pointed out in *Ranzau* where we observed that "there was consideration for the extra premium * * * upon the addition of the second owned automobile in the protection afforded Ranzau if an insured, while using the second owned automobile, suffered damages at the hands of an uninsured motorist."

Uninsured motorist coverage on only one automobile entitles the named insured and relatives to basic protection in the stated limits while occupying the insured vehicle or a non-owned automobile, or while not occupying an automobile. The coverage on one vehicle thus protects the named insured or a relative who is injured, as Paula Ranzau was, while driving or occupying a non-owned automobile. It also protects the named insured or a relative who is injured, as Tucker and Mrs. Dhane were, while occupying Car 1. In *Ranzau,* as here, it was contended that the payment of increased premium charges for additional vehicles under the uninsured motorist coverage operated to multiply the basic coverage. Here, as there, we find nothing to indicate that the additional premium charge or charges were paid or received for that purpose, and all the policy provisions point to the contrary conclusion. Here, as in *Ranzau,* we hold that the stated limits of the uninsured motorist coverage are not subject to stacking or pyramiding under the facts of these cases.

The Court of Appeals for the 5th Circuit was entirely correct when it concluded that our decision in *Ranzau* is controlling in the situation involved in the present cases. Bogart v. Twin City Fire Ins. Co., 5th Cir., 473 F.2d 619. While the courts of other jurisdictions are divided on the question, the better reasoned cases support our second holding in *Ranzau* and our conclusion that stacking is not proper here. See Allstate Ins. Co. v. McHugh, 124 N.J.Super. 105, 304 A.2d 777; Castle v. United Pacific Ins. Group., 252 Or. 44, 448 P.2d 357; Kennedy v. American Hardware Mutual

Ins. Co., 255 Or. 425, 467 P.2d 963; Otto v. Allstate Ins. Co., 2 Ill.App.3d 58, 275 N.E.2d 766; Doerpinghaus v. Allstate Ins. Co., 124 Ga.App. 627, 185 S.E.2d 615. Contra: Employers Liability Assur. Corp. v. Jackson, 289 Ala. 673, 270 So.2d 806; Tucker v. Government Employees Ins. Co., Fla., 288 So.2d 238; Sturdy v. Allied Mut. Ins. Co., 203 Kan. 783, 457 P.2d 34; Cunningham v. Ins. Co. of North America, 213 Va. 72, 189 S.E.2d 832; Lipscombe v. Security Ins. Co. of Hartford, 213 Va. 81, 189 S.E.2d 320.

Under the first holding in *Ranzau,* the exclusion mentioned above as well as the "other insurance" clauses is ineffective in so far as it deprives an insured of protection required by Art. 5.06–1 of the Insurance Code. Any expressions to the contrary in Garcia v. Southern Farm Bureau Cas. Ins. Co., Tex.Civ.App., 490 S.W.2d 616 (no writ), and Stagg v. Travelers Ins. Co., Tex.Civ.App., 486 S.W.2d 399 (no writ), are disapproved. See Mullis v. State Farm Mut. Auto Ins. Co., Fla., 252 So.2d 229; Doxtater v. State Farm Mut. Auto. Ins. Co., 8 Ill.App.3d 547, 290 N.E.2d 284; Elledge v. Warren, La.App., 263 So.2d 912; Blakeslee v. Farm Bureau Mut. Ins. Co., 388 Mich. 464, 201 N.W.2d 786; Allstate Ins. Co. v. Meeks, 207 Va. 897, 153 S.E.2d 222. Contra: Holcomb v. Farmers Ins. Exchange, Ark., 495 S.W.2d 155.

■ This means that there may be a right of recovery under each of two or more policies issued to a named insured or to "relatives," and in a proper case the total recovery under the several policies may exceed the limits stated in any one policy. See State Farm Auto. Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95; Deterding v. State Farm. Mut. Auto. Ins. Co., 78 Ill. App.2d 29, 222 N.E.2d 523; Meridian Mut. Ins. Co. v. Siddons, Ky., 451 S.W.2d 831; Boettner v. State Farm Mutual Ins. Co., 388 Mich. 482, 201 N.W.2d 795; United Services Auto. Ass'n v. Dokter, 86 Nev. 917, 478 P.2d 583. If that result seems rather strange in view of our holding that the stated limits of a single multicar policy are not subject to stacking, the apparent inconsistency is due to the fact that the uninsured motorist statute overrides some but not all of the policy provisions. The two cases now under consideration are controlled by the limits of liability stated in the respective policies, and these limits fully comply with the statutory requirements. The fact that the exclusion referred to above may be ineffectual in some situations is not material here. The reason for the added premium charge is apparent from the terms of the policy, and it is clear that the additional charge was not made for the purpose of increasing the policy limits.

Trinity Universal raises two other questions in the Dhane case. The policy provides medical payments coverage in the stated limits of $2,000.00 per person on each of the three vehicles. Part IV, which deals with uninsured motorist coverage, provides that the company shall not be obligated to pay under such coverage that part of his damages which represents expenses for medical services paid or payable under Part II of the policy relating to medical expense coverage. Trinity Universal took the position in the courts below, and insists here, that the recovery for medical payment benefits should not exceed the $2,000.00 limit stated in the policy with respect to the 1964 Plymouth involved in the accident, and that the recovery under the uninsured motorist coverage should be reduced to the extent of any payments under the medical coverage. It accordingly paid the $10,000.00 admitted to be due. The trial court rejected both of the contentions thus urged by Trinity Universal and awarded the Dhanes an additional $6,000.00 under the medical payment coverage plus interest, penalty and attorney's fees. As previously indicated, the Court of Civil Appeals affirmed.

■ Under our decision in *Ranzau,* the policy provision requiring payments under medical expense coverage to be credit-

ed on the amounts otherwise recoverable under the uninsured motorist coverage is ineffective to the extent that it reduces the uninsured motorist protection below. the minimum limits required by Art. 5.06–1, V.A.T.S. Insurance Code. See Tuggle v. Government Employees Ins. Co., Fla., 207 So.2d 674; Meridian Mut. Ins. Co. v. Siddons, Ky., 451 S.W.2d 831; Pleitgen v. Farmers Ins. Exchange, 296 Minn. 191, 207 N.W.2d 535; Stephens v. Allied Mutual Ins. Co., 182 Neb. 562, 156 N.W.2d 133; Lyon v. Hartford Acc. and Indem. Co., 25 Utah 2d 311, 480 P.2d 739; Bogart v. Twin City Fire Ins. Co., 5th Cir., 473 F.2d 619. On the other question, the Court remains in general agreement with the decisions holding that the stated medical payment limits are to be stacked where necessary to cover the expenses of the named insured or a relative. See Harlow v. Southern Farm Bureau Cas. Ins. Co., Tex. Civ.App., 439 S.W.2d 365 (wr. ref. n. r. e.); Southwestern Fire & Cas. Co. v. Atkins, Tex.Civ.App., 346 S.W.2d 892 (no writ); Government Employees Ins. Co. v. Sweet, Fla.App., 186 So.2d 95.

The judgment of the Court of Civil Appeals in Cause No. B–4156 is accordingly affirmed, and costs in this Court are assessed one-half against the plaintiffs and one-half against the defendant. In Cause No. B–4071, the plaintiffs having been paid $5,001.87 by Westchester, the judgments of the courts below are reversed and the cause is remanded to the trial court for entry of judgment in their favor for the balance to which they are entitled under the $10,000.00 uninsured motorist coverage. Costs of appeal are assessed against the plaintiffs, and costs in the trial court will be assessed by that court.

McGEE, J., notes his dissent.

## ON MOTION FOR REHEARING

WALKER, Justice.

In their *motion for* rehearing in Cause No. B–4156, Mr. and Mrs. Dhane point out that the vehicles insured by their policy are described, and the coverages, limits of liability, and premiums are set out, in an endorsement on Texas Standard Form 227, Family Automobile Policy—Non-Uniform Limits or Coverage Endorsement. This endorsement reads, in part, as follows:

It is agreed that with respect to each owned automobile described below, the insurance afforded by this policy is only with respect to such and so many of the following coverages as are indicated for each such automobile by specific premium charge or charges, and the limit of the company's liability against each such coverage shall be as stated herein as applicable to such automobile, subject to all the terms of the policy and this endorsement having reference hereto. . . .

[Coverages, limits of liability, premiums and description of scheduled vehicles set out here.]

This endorsement is subject to the declarations, conditions and other terms of the policy which are not inconsistent herewith.

Although Mr. and Mrs. Dhane argue to the contrary, the "limits of liability" provisions in Part IV of the policy are not inconsistent with the terms of the endorsement. In so far as it bears on our present problem, the first quoted paragraph in the endorsement is substantially the same as Item 3 of the declarations in the Tucker policy involved in Cause No. B–4071 and set out in the footnote to our original opinion.

As stated in our original opinion, we have concluded that the policy exclusion of injuries sustained by an insured while occupying an owned but unscheduled vehicle is ineffectual to the extent that it deprives a person of coverage required by Article 5.06–1 of the Insurance Code, V.A.T.S. The plaintiffs in both cases say that in view of this holding, there is no consideration for the increased premium charge made for including an additional automobile in the policy except the protection af-

forded "non-relatives" while occupying the additional vehicle. From this premise it is argued that the additional premium charge is grossly excessive or that the protection received therefor is grossly inadequate. That may well be so, but it might also be argued that under our holding as to the effect of the statute on the exclusion, the premium charge for including the first automobile in the policy is somewhat less than adequate. We make no attempt to explore these questions here, because the State Board of Insurance is vested with "sole and exclusive power and authority" to fix just, reasonable and adequate rates of premiums to be charged and collected by all insurers writing insurance on motor vehicles in this State. V.A.T.S. Insurance Code, Art. 5.01.

The motions for rehearing are overruled. No further motion for rehearing will be entertained.