**Melvern STERLING, Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.**

**No. 8011.**

Court of Civil Appeals of Texas, Beaumont.

Aug. 29, 1977.

Rehearing Denied Aug. 29, 1977.

**780**

Sid S. Stover, Jasper, for appellant.

Paul W. Gertz, Beaumont, for appellee.

## ON REHEARING

DIES, Chief Justice.

Plaintiff takes us to task because we did not discuss each of the points of error contained in her brief. Counsel insists that we should address the issue of "stacking" of the PIP coverage. In deference to plaintiff's insistence, we will write upon the subject.

Counsel points to the fact that PIP coverage supplants the former medical payments coverage; and, because medical payments coverage could be stacked [*Harlow v. Southern Farm Bureau Casualty Ins. Co.*, 439 S.W.2d 365, 368 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.), and *Southwestern Fire and Casualty Company v. Atkins*, 346 S.W.2d 892, 895 (Tex.Civ.App.—Houston 1961, no writ)], the replacement coverage should likewise be stacked. We disagree.

It is clear from a reading of the PIP indorsement that the "two or more automobile" condition appearing elsewhere in the policy is inapplicable to the PIP coverage. Thus, the ambiguity forming the basis of the holdings in *Harlow* and *Atkins* is not present. See *Westchester Fire Ins. Co. v. Tucker*, 512 S.W.2d 679, 682 (Tex.1974). We say, as did the Court in *Tucker*, "It is necessary to look elsewhere to determine the limits of the company's liability, . . " Id. at 683.

We find the limits in the statute, *Tex.Ins. Code Ann.* art. 5.06–3(b): "The personal injury protection in this paragraph specified shall not exceed $2500 for all benefits, in the aggregate, for each person." See also, E. York, " 'Stacking' Uninsured Motorist Protection, Medical Payments, and Personal Injury Protection Coverages in Texas", 7 *St. Mary's L.J.* 837, 845–849 *(1976)*.

We have examined the remaining complaints made in the original brief and in the motion for rehearing and find no merit therein. Accordingly, the motion for rehearing is overruled.