**Ricky JONES, Individually and as Next Friend for Tina Jones and Tiffany Jones, Minors, Appellant,**

v.

**The STANDARD FIRE INSURANCE COMPANY, Appellee.**

**No. 2–91–099–CV.**

Court of Appeals of Texas,
Fort Worth.

Feb. 26, 1992.

Rehearing Overruled March 31, 1992.

Wells, Williford, Felber & Purcell, Mike Felber, Fort Worth, for appellant.

Fisk & Fielder, P.C., Lynn Fielder, Dallas, for appellee.

Before HILL, MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

In this insurance case, appellant, Ricky Jones, individually and as next friend for Tina Jones and Tiffany Jones, appeals from a judgment in favor of Standard Fire Insurance Company, and an order denying declaratory judgment. Standard filed a plea in interpleader against Jones and other parties who had made claims exceeding the policy limits of the uninsured motorist policy. Standard tendered to the court $40,000.00 which it represented to be the limits of the uninsured motorist coverage of the policy in question. Jones and other parties then filed Cross–Plaintiffs' Petition for Declaratory Judgment and petitioned the court to construe the policy in question as providing $80,000.00 limits under the uninsured motorist provision. The trial court entered an order denying Cross–Plaintiffs' Petition for Declaratory Judgment and entered judgment apportioning the $40,000.00 amongst the parties. Jones filed a motion for severance which was granted and this appeal was perfected.

We affirm.

On April 8, 1988, Mrs. Jones parked on the shoulder of Highway 183 when she began having car troubles. Ricky Jones drove in his car with his daughters, Tiffany and Tina, and two friends, JoAnne Daniels and Mildred Allums, to meet his wife. When Ricky got to the scene he parked behind his wife's disabled vehicle and waited for a tow truck. While they were waiting, they were rear-ended by an uninsured motorist, and propelled into the car parked in front of them.

As a result of the collision Mildred Allums was killed and Tina Jones sustained severe, incapacitating, and permanent injuries. Ricky Jones had uninsured motorist coverage on his automobiles which were both covered under one policy. The limit of liability shown on the face of the policy is $20,000.00 each person and $40,000.00 each accident. Actual damages exceed $80,000.00.

In his point of error Jones claims it was error for the trial court to deny his petition for declaratory relief because separate premiums were paid for the two vehicles listed and both were involved in the collision. Jones argues he should be allowed to "stack" his uninsured motorist coverage under the policy, because if he is denied the coverage on his second automobile, he will have gotten nothing in return for the premiums paid on it.

The policy states:

If separate limits of liability for bodily injury and property damage liability are shown in the Declarations for this coverage the limit of liability for "each person" for bodily injury liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for bodily injury liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. The limit of liability shown in the Declarations for "each accident" for property damage liability is our maximum limit of liability for all damages to all property resulting from any one auto accident.

. . . .

This is the most we will pay regardless of the number of:

1. **Covered persons;**
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

The Texas Supreme Court held in *Westchester Fire Insurance Company v. Tucker*, intra-policy stacking of uninsured motorist coverage in a single multi-vehicle policy is not permitted and the limits listed on the policy will control the maximum amount recovered from any given policy. *Westchester Fire Ins. Co. v. Tucker*, 512 S.W.2d 679, 685 (Tex.1974). Jones argues *Westchester Fire* is distinguishable because the accident in that case only involved one of the vehicles covered in the policy, and in the present case, both of the vehicles involved were covered under the policy. We disagree.

The policy language clearly limits the company's liability in the event of one accident. And further, the stated limits of the uninsured motorist coverage are not subject to stacking. *See id.* at 684. The trial court was correct in denying the petition declaring relief. Jones' point of error is overruled.

Judgment is affirmed.